Stephenson, J.
 

 A number of errors are assigned by plaintiff in error herein. They will be considered in inverse order.
 

 Is the case improperly brought?
 

 Counsel is correct in quoting Section 8510, G-eneral Code,- to the effect that contracts involving the sale of real estate or an interest therein must be in writing and signed by the person parting with the title or possession. It is likewise the law that a lease for more than three years must be attested and acknowledged.
 

 This was an action for money and an accounting only. It was tried to the court. The trial court heard the evidence, and dismissed La Bounty’s cross-petition against Schackne.
 

 La Bounty insists that his claim against Schackne was wholly ignored. We cannot subscribe to this contention, in the face of the record. The trial court did pass on La Bounty’s cross-petition against Schackne, and we must assume, in the absence of a showing to the contrary, that such court gave due consideration to all the evidence introduced by La Bounty in support thereof.
 

 This is an action for rent, and is not improperly brought if a contract can be established by the parties claiming the benefit thereof.
 

 La Bounty claims that he is the party charged, that he never subscribed his name to any instrument or
 
 *100
 
 memorandum, that he made no contract, and is not obligated to any one.
 

 In order to take this contract out of the statute of frauds, Brumback pleads part performance. Counsel for plaintiff in error insists that part performance cannot be pleaded in an action at law, as it is an equitable principle, pure and simple. We agree with counsel that, outside of Ohio, he is supported by the overwhelming weight of authority; but in Ohio he is confronted with the antithesis of the' doctrine. The case of
 
 Wilber
 
 v.
 
 Paine,
 
 1 Ohio, 251, is the first pronouncement of the law in Ohio to the effect that part performance takes a contract out of the provisions of the statute of frauds; and that was an action at law. The Supreme Court, it seems, was not announcing a new principle of law in that case, as the learned judge, on page 255 of the opinion, says:
 

 “It has frequently been held, on the circuit, that the delivery of possession, on a parol agreement, was sufficient to take it out of the statute, and we see no reason to reverse the rule, or to reject the principle on which it is founded.”
 

 In arriving at this conclusion, the court discussed the old English Statute of Frauds, 29 Charles II, and its interpretation and construction; the English cases being cited. That case is cited and followed in
 
 Waggoner
 
 v.
 
 Speck,
 
 3 Ohio, 292, and in
 
 Grant
 
 v.
 
 Ramsey,
 
 7 Ohio St., 157.
 

 After the case of
 
 Grant
 
 v.
 
 Ramsey, supra,
 
 the case of
 
 Wilber
 
 v.
 
 Paine,
 
 according to the citation digest, is referred to but once in the opinions of this court, and that is in
 
 Bumiller
 
 v.
 
 Walker,
 
 95 Ohio St., 344, where, on page 350, 116 N. E., 797, L. R. A., 1918B, 96, Judge Jones in his opinion refers to it incidentally.
 

 There is every good reason why this rule of law was not given more notoriety. Even before its announcement it had been the law of Ohio; ever since Ohio became a state. It is humane, just, and responds to the
 
 *101
 
 rule of reason. Our early tendency to depart from the policy of the common law to forever keep separate the legal and equitable causes of action, and the spirit of fairness that animated our ancestors, firmly imbedded in our law the rule that a litigant would not be permitted, in Ohio, to invoke delicate distinctions and subtle niceties to discharge him from the obligations of a contract, fair on its face, which he had undertaken to perform and thereafter breached.
 

 There was an issue in this case to the effect that this contract was unfair. The trial court, sitting as a trier of facts, heard the evidence and determined this issue adversely to the plaintiff in error. If there was some evidence, and there was, this phase of the case passes from our consideration.
 

 It is not necessary for this court to determine whether or not La Bounty signed an instrument or memorandum in writing evidencing this contract. He went into possession of the real estate and partially performed his contract, and it can make no difference whether the contract was written or parol.
 

 There is some contention made by plaintiff in error to the effect that the trial court erred in the admission of testimony tending to show the cost of certain repairs made by La Bounty which under the terms of the lease Schackne was bound to do; it being contended that the duty to repair was a personal obligation of Schackne.
 

 The duty to repair was included in one of the terms of the lease, a.nd it was the theory of Brumback that he, La Bounty, was the assignee of the lease, without qualification or limitation. On this theory, this testimony was competent, notwithstanding La Bounty had a different theory. If La Bounty was in fact the assignee of the lease, then he stepped into Schackne’s shoes and assumed Schackne’s obligations thereunder.
 

 The trial court found against La Bounty on the is
 
 *102
 
 sue of surrender, and we are not disturbing this finding.
 

 The issue was likewise made that La Bounty was, at the most, a tenant from month to month. Whether he was a tenant for the full term of the lease, or merely a tenant from month to month during possession, depended on the intent of the parties as developed by the circumstances under which the contractual relations arose. This had to be determined from the evidence, and was so determined.
 

 We agree that the appointment of a receiver on the application of a lessor for leased real estate does amount to an eviction of the tenant during the time the receiver is in possession of the premises and collects the rent therefrom, and the tenant is relieved from payment of rent during the receiver’s incumbency. The court regards this question practically moot in this case. No rental was charged to La Bounty while the property was in the receiver’s hands. The court has read the record and does not find one syllable of testimony to the effect that La Bounty treated the appointment of a receiver as a complete eviction. This is likewise a question of fact determined by the trial court. The further fact that La Bounty acted as receiver does not affect the issue one way or another.
 

 We think both courts below were right. The judgments of the Court of Appeals and of the Common Pleas Court are affirmed.
 

 Judgments affirmed.
 

 Bay, Allen, Jones and Matthias, JJ., concur.
 

 Weygandt, C. J., and Kinkade, J., not participating.