## HERMAN v OHIO FINANCE CO.

Ohio Appeals, 9th Dist, Summit Co

Decided Oct 28, 1940

John McIntosh, Akron, for appellant.
Buckingham, Doolittle & Thomas, Akron, for appellee.

## OPINION

By DOYLE, J.

Clarence A. Herman, in a petition filed in the Common Pleas Court of Summit County, alleged that he executed and delivered a promissory note to the Ohio Finance Company in the sum of $380, and secured the same by a chattel mortgage on his automobile; that his obligation was to be paid in monthly installments; that in December, 1937, sufficient payments had been made to reduce the indebtedness to approximately $265.43; that in March, 1938, at the request of the finance company, he placed the mortgaged automobile in said company's posssession upon the representation that "said car would not be sold while said arrangement was in effect"; that no payments had been made on the note after December, 1937.

The plaintiff further alleged that in May, 1938, the company notified him that the car had been sold and demanded $65.43 as a balance due on the note; that the company refused to render him an accounting of the sale of the car, i. e., the amount for which the car was sold and to whom; that the car was reasonably worth $365; and that it was sold contrary to the agreement.

The prayer of the petition asked for an accounting from the defendant and for a judgment against the defendant "for the amount found equitably due the plaintiff * * * and for such further relief as plaintiff is entitled to in law and equity."

The defendant company's answer admitted most of the allegations of the petition. It specifically alleged "that plaintiff failed to make payments thereafter (from December, 1937), and that he voluntarily placed said car in the possession of the defendant in March, 1938; that said car was sold by the defendant, and that there is still due the defendant a balance of $65.43." The answer continued: "Further answering, this defendant denies each and every other allegation contained in the plaintiff's petition not herein admitted to be true; and having fully answered, prays that plaintiff's petition may be dismissed and that it may go hence without costs."

The cause came on for hearing before one of the judges of the Court of Common Pleas, and at the conclusion thereof the following entry of judgment was personally approved by counsel and by the trial judge, and entered of record on the 24th day of March, 1939:

"This cause came on to be heard upon the petition of the plaintiff, the answer of the defendant and the evidence, and after a full and complete trial the court finds:

"That the plaintiff is entitled to an accounting from the defendant; that the trial has served as an accounting; that the evidence discloses that no money is due to the plaintiff; that the defendant has performed no acts entitling the plaintiff to any money judg-

ment, and that the **defendant's motion of judgment for the defendant is not well taken and should be overruled.**

"It is therefore ordered, adjudged and decreed that the motion of the defendant be overruled; that the plaintiff is entitled to an accounting, that accounting has been had and plaintiff is entitled to no further relief, no moneys are due to the plaintiff from the defendant. and the plaintiff's petition is dismissed at plaintiff's costs.

"Exceptions are granted to the plaintiff." (Emphasis ours).

In the next term of the Common Pleas Court, on July 28, 1939, there was filed in the same case the following motion:

"Now comes the Ohio Finance Co. and moves that the court reform and correct its journal entry filed on or about March 24. 1939, and the rulings thereon so as to conform to the true findings of the court and the issues decided in the trial had thereon."

A hearing was held on the motion, and at the conclusion thereof the court approved a journal entry, which was thereupon recorded. The entry was designated "journal entry **nunc pro tunc**," and is in the following terms:

"This cause came on to be heard upon the petition of the plaintiff, the answer of the defendant and the evidence, and after a full and complete trial, the court finds:

"That the plaintiff is entitled to an accounting from the defendant; that the trial has served as an accounting; that the evidence discloses that no money is due to the plaintiff; that defendant has performed no acts entitling the plaintiff to any money judgment and that the **defendant's motion to dismiss the plaintiff's petition before evidence heard was not well taken and should be overruled.**

"It is therefore ordered, adjudged and decreed that the motion of the defendant be overruled; that the plaintiff is entitled to an accounting; that accounting has been had and plaintiff is

entitled to no further relief, no moneys are due to the plaintiff from the defendant and the plaintiff's petition is dismissed at plaintiff's costs. Exceptions are granted to the plaintiff." (Emphasis ours).

It is apparent from the foregoing that the first entry of judgment adjudicated the claim of the plaintiff against the defendant, as well as the defendant's motion for judgment against the plaintiff. The second entry of judgment, designated **"nunc pro tunc,"** undertook to determine only the plaintiff's claim against the defendant, and did not contain an adjudication as to the defendant against the plaintiff, except only as to a motion of the defendant to dismiss the plaintiff's petition.

The plaintiff in the Common Pleas Court has appealed to this court on questions of law, and specifically challenges the trial court's right to enter a judgment **nunc pro tunc** under the circumstances.

It should first be observed that the action was one at law. It was an action for the recovery of money, and no fiduciary or trust relationship existed between the parties. The amount of money due from one to the other was the major issue, and the accounting was incidental only to the main relief sought. See **Le Bounty v Brumback, 126 Oh St 96,** 184 N. E. 5; **Building Show Co. v Albertson, 99 Oh St 11,** 121 N. E. 817; and **Wilson Improvement Co. v Malone, 78 Oh St 232,** 85 N. E. 51.

Secondly, it should be observed that, although the answer of the defendant did not affirmatively ask for a money judgment against the plaintiff, it does set forth the amount which it claims is due it from the plaintiff. And the trial court, in its first recorded judgment entry, resolved the issue of the defendant's claim against the plaintiff against the defendant. In so doing, the court acted within its authority, because it had before it for determination every question which under the pleadings might properly have been litigated in the case.

The entry **nunc pro tunc** filed and recorded after term attempts now to modify the judgment rendered upon all the issues made by the pleadings and which was regularly entered after trial.

The power of the court to enter judgments **nunc pro tunc** in proper cases has been established in this state through a long line of cases dating almost from the beginning of the reported decisions. The Supreme Court has but recently reiterated some of the established rules:

"1. Courts possess inherent common-law power to enter **nunc pro tunc** judgments or orders in proper cases.

"2. The power to enter such judgments or orders is restricted ordinarily to the subsequent recording of judicial action previously and actually taken.

"3. When a court exceeds its power in entering a purported **nunc pro tunc** judgment or order, such judgment or order is invalid." **National Life Ins. Co. v Kohn, 133 Oh St 111,** 11 N. E. (2d) 1020.

"1. The power of the trial court to make an entry **nunc pro tunc** after term does not extend beyond the power to make the journal entry speak the truth.

"2. A trial court is without power to alter his conclusion by **nunc pro tunc** entry at a term subsequent to the term of the original entry." **Reinbolt v Reinbolt, 112 Oh St 526,** 147 N. E. 808.

There is nothing in the bill of exceptions before this court (which bill sets forth the proceedings on the motion for the order **nunc pro tunc**) which would even tend to establish the fact that the trial court at any time actually decided the case in the way indicated by the second journal entry. And even though the trial court may have so **intended** to decide the case, it is powerless to change, by a **nunc pro tunc** entry, the judgment first entered unless it actually did decide the issues in the way set out in said **nunc pro tunc** entry.

The province of an entry **nunc pro tunc** is "not to change, modify, or correct erroneous judgments," but is to make the record speak the truth. The record before us does not bring this case within the last part of this rule.

The Court of Appeals of Cuyahoga County had under consideration several years ago the propriety of an entry **nunc pro tunc** made in Cleveland. The following observation was made in a decision then rendered, with which the members of this court are in complete accord:

"While not doubting the power of the court to exercise this power to make **nunc pro tunc** entry * * *, we hold that the power of the court must be safeguarded so as to prevent any possible abuse of same. The entry must affirmatively show just what it is intended to correct, and whether it was a correction to make the journal speak the truth by inserting into it that which actually took place, but which was mistakenly entered otherwise, or was intended to be in the nature of a modification or correction of an erroneous judgment." **Ruby v Wolf et, 39 Oh Ap 144, 147;** 177 N. E. 240.

The purported entry **nunc pro tunc** in the instant case fails to disclose the ground upon which the court acted, nor does it disclose what it was intended to correct, nor does it vacate the judgment previously rendered in any way.

This court is of the opinion that the record does not disclose a situation in which the court could rightfully exercise its prerogative of entering a judgment **nunc pro tunc**, and for this reason the action of the Court of Common Pleas in that connection is reversed and the cause is remanded for further proceedings according to law.

Judgment reversed and cause remanded.

WASHBURN, PJ. & STEVENS, J, concur.