Hart, J.
 

 The sole question before this court is whether the Court of Appeals erred in dismissing appellant’s appeal on questions of law and fact, on the ground that the action is not one in chancery but an action at law.
 

 Whether an action is legal or equitable in character must be determined by the nature of “plaintiff’s primary demand and the ground of the action as set out in the pleadings.
 
 Taylor
 
 v.
 
 Brown,
 
 92 Ohio St., 287, 110 N. E., 739;
 
 Hummer
 
 v.
 
 Parsons,
 
 111 Ohio St., 595, 146 N. E., 62;
 
 Lust
 
 v.
 
 Farmers’ Bank & Savings Co.,
 
 114 Ohio St., 312, 151 N. E., 189. In the case at bar the plaintiff sought to recover a money judgment on a promissory note and the foreclosure of a mortgage securing the same, about which there was no dispute or denial of claim; sought a money judgment against certain defendants, other than the maker of the note, on an alleged contract of extension of the maturity of the same note and an assumption of liability for its payment; and sought to establish'plaintiff’s .right under the trust, agreement for her benefit, with a trustee authorized thereby to operate such property and apply the proceeds arising from such operation to the payment of plaintiff’s note, and for an accounting as to such proceeds. The plaintiff was not a party to such trust agreement and it was later cancelled before
 
 *339
 
 she asserted any claim under it. All the relief claimed by the plaintiff under her third cause of action depended upon the establishment of her alleged legal rights under the contract set out in that cause of action. Her further right to an accounting, was incidental to and wholly dependent upon the establishment of her legal- right in and under such contract.
 

 Earhart, the maker of the note and mortgage, filed a separate answer alleging,
 
 inter alia,
 
 his discharge on the ground.that the extension agreement had been substituted for the note. There was no issue as to the va-' lidity of the mortgage securing the note or the right of the plaintiff to bring about the sale of the mortgaged property. The main issues are the extent of the liability of the four defendants and the nonliability of Earhart, arising out of the so-called extension and assumption agreements for the payment of money which plaintiff, claims she is entitled to have applied on any deficiency upon her claim on the note after the sale of the property under the mortgage. The plaintiff’s demand against such defendants in this respect is for a money judgment.
 

 This court has heretofore held that an action is equitable if it is necessary to determine first,' whether the plaintiff is entitled to equitable relief before legal redress can be granted; but if the primary or para-' mount relief sought is legal and the equitable redress merely incidental, it is an action at. law.
 
 Nordin
 
 v.
 
 Coulton,
 
 142 Ohio St., 277, 51 N. E. (2d), 717;
 
 La Bounty
 
 v.
 
 Brumback,
 
 126 Ohio St., 96, 184 N. E., 5.
 

 Where a money judgment is the main relief sought, the fact that plaintiff seeks incidental and ancillary equitable relief, even though-it be an accounting, does not convert the action to one in chancery and such action is not appealable on questions of law and fact.
 
 Chapman
 
 v.
 
 Lee,
 
 45 Ohio St., 356, 13 N. E., 736;
 
 Lange
 
 
 *340
 
 v.
 
 Lange,
 
 69 Ohio St., 346, 69 N. E. 611;
 
 Fisher
 
 v.
 
 Bower,
 
 79 Ohio St., 248, 87 N. E., 256;
 
 The Complete Building Show Co.
 
 v.
 
 Albertson,
 
 99 Ohio St., 11, 121 N. E., 817;
 
 Forest City Investment Co.
 
 v.
 
 Haas,
 
 110 Ohio St., 188, 143 N. E., 549.
 

 In disposing of this issue the Court of Appeals, in its opinion, appropriately said:
 

 - “Applying this test to the pleadings herein, it is obvious that what plaintiff wants and the defendants dispute is the money due on the note, and judgment for it is the primary or paramount relief she seeks. The foreclosure of the mortgage is not contested. She wants a judgment against the several defendants by which to satisfy the deficiency she anticipates after the sale of the mortgaged premises. The liabilities of the defendants, other than Earhart, -depend upon the effect of the claimed assumption agreements which she alleges were made for her benefit, and what was done under them. Ah this is important only as it may fix the amounts for which those defendants are liable, and if equitable processes are necessary to discover those amounts, and funds that should have been but were not applied on that debt, they are ‘incidental and ancillary’ to the primary questions.”
 

 Since this was not a chancery case but an action at law, the Court of Appeals did not err in sustaining the appellee-defendants’ motion to dismiss the appeal on questions of law and fact.
 

 The order of the Court of Appeals is therefore affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Zimmerman, Bell, Turner and Matthias, JJ., concur.