BLAUSTEIN, Estate of, In Re: BLAUSTEIN, et, Appellants, v. BLAUSTEIN, Appellee, et al., Appellant.

Ohio Appeals, First District, Hamilton County.

No. 6606.   Decided January 14, 1946.

Messrs. Nichols, Wood, Marx & Ginter, Cincinnati, and Harry Kasfir, Cincinnati, for Anna Blaustein, Jean Scherer and Joseph C. Bullock.

Joseph L. Lackner, Cincinnati, and Sanford A. Headley, Cincinnati, for Madge Fisher Blaustein.

## OPINION

By MATTHEWS, J.

This is an appeal from an order of the Probate Court of

Hamilton County finding in favor of Madge Blaustein, a co-administrator of this estate, upon her affidavit and supplemental affidavit in proof of a personal claim against the estate.

There is pending in this Court an appeal from an order of the Probate Court determining that Madge Blaustein is not the widow of the decedent, but we are not concerned with that issue on this appeal.

This appeal involves the sole question of whether Madge Blaustein has a provable claim against the estate.

The notice of appeal recites that the appeal was taken both on law and also on law and fact. The appeal now comes before the Court upon appellee's motion to dismiss the law and fact appeal, on the ground that the claim does not present a chancery case, and, that therefore under the Constitution this Court has no jurisdiction to hear the claim de novo.

There is no doubt that under the new Probate Code (§10501-53 GC) the Probate Court has plenary power in equity as well as at law to fully dispose of any matter properly before it in the administration of an estate.

Section 6 of Article IV of the Constitution conferred appellate jurisdiction upon this Court in chancery cases from courts of record, of which it could not be deprived by legislative enactment. Legislative enactment could properly recognize this constitutional jurisdiction as was done in §10501-56 GC, as amended, effective August 22nd, 1941. In view of that section there can be no doubt of the present jurisdiction of this Court to entertain appeals on law and fact from the Probate Court in chancery cases, notwithstanding the amendment of section 6 of Article IV of the Constitution in 1944.

The motion, therefore, presents the question of whether the claim asserted by Madge Blaustein presented a case in chancery for decision by the Probate Court.

In her original affidavit in proof of claim she averred that, relying on the decedent's representation that he had secured a divorce and was free to marry her, she had rendered certain services, expended certain sums, and surrendered certain rights for the benefit of the decedent in his lifetime for which she claimed to be justly entitled to be reimbursed and compensated. She averred that the decedent was engaged in the plumbing business, but that at the time he was without money and in fact insolvent, that she paid the rent of $52.00 per month of the apartment in which they lived, that she loaned him $7500.00, to enable him to perform a contract he had entered into with the Federal Housing Authority,

and that he still owed $2000.00 of this amount. She averred that he made a profit of $48,000.00 on this contract. She also averred that he entered into contracts with Federal Housing Authority to do work in Cincinnati and vicinity and that it required that he reside in Cincinnati, and, to accompany him she was required to liquidate her beauty parlor business in New York City at a great loss. She also averred that decedent was sick much of the time and that she devoted a long period to nursing him. She then itemized her claim as consisting of $97,500.00, the value of her business which she had lost, $2400.00 of money loaned which had not been repaid, $4576.00 expended for rent and household expenses, and $25,000.00 for services rendered in caring for decedent and his home, making a total of $129,476.00.

In her supplemental affidavit she reiterated she had married decedent relying upon his representation that he had been divorced. She averred that at the time the decedent was insolvent and the owner of very little property, and that the property in the hands of the administrators was accumulated through the joint efforts of herself and decedent and that the decedent was enabled to accumulate the property through financial and other assistance by her.

The Probate Court found in favor of the claimant and as to the amount adjudged as follows:

"The Court coming to fix the amount thereof which the claimant is entitled to recover does order, adjudge and decree to the claimant a sum of money equal to one-half of the net estate of the deceased after the deduction of $5100.00 this day adjudged to Anna Blaustein, the widow, as and for her first year's allowance, and the sum to which she is entitled as assets not subject to administration under §10509-54 GC. And the said administrators are hereby ordered to pay her said amount in full settlement and satisfaction of her said claim."

Enough has been set forth to make it clear that the claimant both in her original affidavit and in her supplemental affidavit, and the Probate Court in its judgment treated the subject-matter as a personal obligation to pay money and not as a claim of title, legal or equitable, to any assets in the hands of the administrator. No equitable relief of any sort was sought or granted.

As indicating the chancery character of the claim ap-

pellant's counsel refers to certain expressions in the brief of Madge Fisher Blaustein's counsel, filed in the Probate Court, and also to expressions in the opinion of that Court to show that counsel and the Court regarded the claim as based on equitable principles. The brief and opinion are no part of the record upon which the appeal must be decided. If they were, it would not change the result. The equitable principles referred to have long since been recognized and appropriated by the law and an adequate legal remedy provided on the theory of an implied or quasi contractual obligation.

In **Boston v Earhart, 144 Oh St, 334,** the test of what is a chancery case is stated in the first paragraph of the syllabus:—

"Where a money judgment is the main relief sought, the fact that plaintiff seeks incidental and ancillary equitable relief does not convert the action to one in chancery and such action is not appealable on questions of law and fact."

If that is correct, certainly where a money judgment is sought and no equitable relief of any sort is asked, there is no basis for the claim that a chancery case is presented appealable to this Court on law and fact. See, also, **Nordin v Coulton, 142 Oh St, 277, and LaBounty v Brumback, 126 Oh St, 96.**

For these reasons, the motion to dismiss the appeal on questions of law and fact is sustained, and the appeal retained on questions of law only.

HILDEBRANT, P. J., MATTHEWS & ROSS, JJ., concur in syllabus, opinion & judgment.