Middleton, J.
Is recovery on the alleged oral agreement barred by the statute of frauds, which is embodied in Section 8621, General Code (Section 1335.05, Revised Code)? That section provides:
“No action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in, or concerning them, nor upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized.”
The Court of Appeals held that the amended petition pleads facts showing a cause of action arising *334 under a quasi contract due to unjust enrichment, and, therefore, that the statute of frauds does not apply.
It is manifest that the subject matter of the alleged oral agreement in its entirety is such as comes within the provisions of the statute of frauds unless removed therefrom by the circumstances pleaded.
It is to be observed that this is an action for damages for breach of an alleged oral agreement, which damages are alleged in detail and specifically allocated to alleged breaches of the respective provisions of the agreement pleaded. This is an action at law. It is not an action for specific performance. It is not an action for restitution. It is not an action to recover the value of property transferred.
The plaintiff asserts that the facts pleaded show a cause of action arising under a quasi contract, as held by the Court of Appeals, and relies in large part upon the cases of Hummel v. Hummel, 133 Ohio St., 520, 14 N. E. (2d), 923, and La Bounty v. Brumback, 126 Ohio St., 96, 184 N. E., 5. Reference is also made to the discussion of quasi contract in the opinion written by Judge Zimmerman in Rice v. Wheeling Dollar Savings & Trust Co., Exr., 155 Ohio St., 391, 99 N. E. (2d), 301, and to the definition of quasi contract contained in the third paragraph of the syllabus of that case, which is as follows:
“A quasi contract is an obligation imposed by law whereby civil liability arises as to one who has received benefits which he is not justly entitled to retain and for which he may be made to respond in an action in the nature of assumpsit.”
Quasi contracts are not contractual obligations. They are imposed by law without reference to the assent of the obligor. Woodward’s The Law of Quasi Contracts, Chapter 1, paragraph 3; 17 Corpus Juris Secundum, 322, Contracts, Section 6; 12 American Jurisprudence, 502, Section 6.
*335 Concerning the nature of quasi contracts, Corbin says:
“A quasi-contractual obligation is one that is created by the law for reasons of justice, without any expression of assent and sometimes even against a clear expression of dissent.” Corbin on Contracts, Section 19.
It is generally agreed that there can not be an express agreement and an implied contract for the same thing existing at the same time. 17 Corpus Juris Secundum, 321, Section 5; 12 American Jurisprudence, 505, Section 7; Creighton v. City of Toledo, 18 Ohio St., 447.
However, by the weight of authority, even though the minds of the parties have not met as to some essential term of the contract, one who has furnished materials or labor may recover the reasonable value of the materials or services. The promise to pay such reasonable value is implied. This is not in reliance upon the contract or by way of enforcement of the contract. It is the enforcement of an equitable right through the fiction called quasi contract. Though equitable in nature and origin, the right may be enforced at law.
The purpose of the quasi-contract action is not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant. Thus, while equity might compel a return of the article involved, the obligation which is recognized and enforced in law is the obligation to pay the reasonable worth of the benefit received.
The recovery in a quasi-contract action is based upon value and is imposed without the assent of the defendant to prevent such defendant from enriching himself at the expense of the plaintiff.
The plaintiff in the instant case alleges an express *336 oral contract with certain items of consideration to which he alleges the defendant assented, but which now the defendant fails and refuses to perform to the plaintiff’s damage. There is no allegation in the petition that the land here involved has a value greater than the amount admittedly paid by the defendant nor is there any allegation that the failure to comply with the terms of the contract will unjustly enrich the defendant. The pleadings rely on express promises and this is not such a situation where plaintiff is seeking to have the law create the fictional implied promise of the quasi contract.
The quasi-contract action being based primarily on unjust enrichment the pleader must show such enrichment in his petition. The court can not by implication insert therein the basic element of plaintiff’s cause of action. In the present case it is admitted in the amended petition that consideration has moved both ways and there is no allegation that the consideration moving to the plaintiff is inadequate to fairly compensate him for the benefit he has conferred on the defendant.
In Hummel v. Hummel, above mentioned, Peter and Elizabeth Hummel had paid all the annual premiums on a 15-year $1,000 endowment policy on the life of their adult son. The mother was named as beneficiary. When the policy matured the full face amount of the policy was paid to the son by the insurance company. The father, to whom the mother had transferred her rights, brought an action against the son for money had and received, claiming an oral agreement that the parents should “pay the premiums and get the money” on the policy. Although the court held that the agreement as such was unenforceable because it was not one which could be performed within a year, recovery was granted on the theory of quasi contract. The equities of the case, are manifest. The *337 parents had fully performed. Their course of conduct was such as the parties would not have followed unless on account of the agreement alleged and with a direct view to its performance. If the son had been permitted to retain the proceeds of the policy, unjust enrichment would clearly have resulted. In that case the equitable principles on which quasi contract must be based are clearly evident. It is not, however, authority for finding such equitable basis for quasi contract in the instant case.
The case of Rice v. Wheeling Dollar Savings & Trust Co., Exr., also referred to above, involved only the question whether a quasi contract, as distinguished from a true contract, can be made the basis of an attachment proceeding under Ohio statutes. The facts are so dissimilar to those involved in the instant case that the decision is of no help in solving the problem now before us.
In the instant case the plaintiff does not seek to recover the value of something furnished the defendant. A specific contract, oral in character, is relied upon and enforcement thereof is attempted by way of damages.
The petition in this case does not plead the essential elements of quasi contract.
The second question is whether the petition states such facts of part performance as will remove the alleged oral contract from the operation of the statute of frauds.
Early in the history of the statute of frauds, courts of equity, to prevent the statute being used as a shield by a wrongdoer, evolved the doctrine of part performance to remove a contract from the statute. The doctrine, like that of quasi contract, is based on equity and is applied in cases where it would be patently inequitable to refuse relief to the plaintiff.
The doctrine of part performance which will take a *338 case out of the operation of the statute of frauds is based upon acts of the parties which are such that it is clearly evident that such acts would not have been done in the absence of a contract and that there is no other explanation for the performance of such acts except a contract containing the provisions contended for by the plaintiff.
In other words, the acts done must not only indicate a contract, but a contract containing the provisions insisted upon by the plaintiff.
It is difficult to formulate a definite rule from a study of the decisions of Ohio courts—except the general observation that Ohio does not follow the weight of authority.
The general statement, that, under Ohio law, taking possession of real estate constitutes such part performance as will remove an oral contract from the statute of frauds, should not be accepted without close scrutiny. In the case of Myers v. Croswell, 45 Ohio St., 543, 15 N. E., 866, Judge Williams in the opinion made very pertinent comments which we believe are basic observations. At page 547, the opinion reads as follows:
“Whatever objection may be urged against the doctrine of part performance of contracts within the statute of frauds, or be said of its tendency to promote frauds, or of the necessity for courts to make a stand against further encroachments on the statute, it is too well settled to be now open to dispute, that certain acts done in the part performance of verbal contracts for the sale of lands, may operate to take them out of the statute, and generally possession of the land delivered and received under and in pursuance of the contract amounts to such part performance. But it is equally well settled that to have that effect, the possession must be connected with and in consequence of the contract ; it must be in pursuance to its terms and in part *339 execution of them. In other words the possession must pursue and substantiate the contract.
“In Phillips v. Thompson, 1 John Ch., 131, 149, Chancellor Kent says: ‘It is well settled that if a party sets up part performance to take a parol agreement out of the statute, he must show acts unequivocally referring to, and resulting from that agreement, such as the party would not have done unless on account of that very agreement and with a direct view to its performance. There must be no equivocation or uncertainty in the case. ’
‘ ‘ The possession must be taken under and by virtue of the contract, and not be a mere continuation of the state of things which previously existed, nor an anticipation of a right which is yet to come, and which in point of fact is not given until a subsequent period. Aitkins v. Young, 12 Pa. St., 15.”
At page 548, quoting from Pomeroy on Specific Performance of Contracts, the author of the opinion said:
“The same author further says that ‘a plaintiff cannot, in the face of the statute prove a verbal contract by parol evidence and then show that it has been partly performed. This course of proceeding would be a virtual repeal of the statute. He must first prove acts done by himself or on his behalf which point unmistakably to a contract between himself and the defendant, which cannot, in the ordinary course of human conduct be accounted for in any other manner than as having been done in pursuance of a contract, and which would not have been done without an existing contract; and although these acts of part performance cannot of themselves indicate all the terms of the agreement sought to be enforced, they must be consistent with it and in conformity with its provisions when these shall have been shown by the subsequent parol evidence. It follows from this invariable rule, that acts which do not unmistakably point to a con *340 tract existing between the parties, or which can be reasonably accounted for in some other manner than as having been done in pursuance of a contract do not constitute a part performance sufficient' in any case to take it out of the operation of the statute, even though a verbal agreement has actually been made between the parties.’ ”
We approve the reasoning of Judge Williams in his statement above quoted. Its application in several other decisions of this court involving part performance would tend to simplify and, to some extent, harmonize those decisions.
Following the lead of commentators, the plaintiff herein, and the Court of Appeals in its opinion, points to the case of Wilber v. Paine, 1 Ohio, 251, decided in 1824, as the cornerstone or perhaps the foundation of the Ohio attitude as to possession of land procured under a parol contract being sufficient to remove the contract from the statute of frauds. Undoubtedly, Wilber v. Paine was correctly decided, but we believe that its significance has been exaggerated. In that case Paine permitted one Shearer to take possession of land under an alleged oral contract that Shearer would clear and fence the land and be permitted to raise his own crop of corn. Shearer did clear and fence the land and raised a crop of corn which he then sold to one Wilber. Paine then went upon the land and gathered the corn and converted it to his own use. Wilber brought the action against Paine in trespass. Paine pleaded the statute of frauds as a defense. Judges Hitchcock and Burnet heard the case in .the Supreme Court. The opinion says in part:
“* * * this court has repeatedly decided that part performance may take a case out of the statute, and although the policy of such exceptions has been questioned, we are induced to believe that, if they be admitted with caution, they have a salutary tendency; *341 and that they are sometimes necessary to prevent the statute from confirming and legalizing the frauds it was intended to suppress. No case has been decided in this court, from which any general rule can be inferred, as to the description of part performance, that will take an agreement out of the statute. * * *
“* * * In the case before us, we cannot forbear to enforce the contract, without sanctioning a fraud on the plaintiff.” (Emphasis supplied.)
The equitable basis for recovery against Paine is so clear that it would have shocked the conscious to have denied recovery. A situation was there involved to which the fundamental principles announced in the opinion in Myers v. Croswell, above quoted from, are clearly applicable. The conduct of Shearer and his assignee, Wilber, was such as could be accounted for only by reliance upon the agreement which was alleged.
We do not question the soundness of the judgment in La Bounty v. Brumback, supra, but we suggest that the decision is often construed as authority for a broader rule of law than is warranted. That decision must be considered in the light of-the peculiar facts on which it was based. In that ease there was a seven-year written lease from Brumback to Schackne, containing definite terms as to rental, repairs, taxes, upkeep, etc. Schackne assigned the lease to La Bounty with the written consent of Brumback in exchange for other property which was deeded by La Bounty to Schackne. Schackne signed his name on the back of the lease and delivered it to La Bounty who went into possession, controlled the leased premises, issued subleases and paid the rent to Brumback under the lease for over two years. On September 1, 1929, La Bounty stopped paying rent and Brumback sued La Bounty for rent due after that date. La Bounty defended on the theory that he did not agree in writing to be bound *342 by the terms of the lease, and that the statute of frauds applied. Brumback pleaded that the contract was taken out of the statute of frauds by part performance. The opinion discusses part performance at considerable length, citing Wilber v. Paine as the first pronouncement of this court on the subject. The opinion then leaps to the conclusion that it was unnecessary to determine whether La Bounty signed an instrument in writing or memorandum in writing evidencing the contract, saying that “he went into possession of the real estate and partially performed his contract, and it can make no difference whether the contract was written or parol.” Later in the opinion, at the same page, the author said that “if La Bounty was in fact the assignee of the lease, then he stepped into Schackne’s shoes and assumed Schackne’s obligations thereunder.” In that latter statement we find the true basis for the judgment. La Bounty took over a written lease as assignee and was bound to carry out its provisions, including the obligation to pay the rent. He became liable not simply because there was part performance by his taking possession, but because he became bound by the terms of a written lease and assumed and carried out all its obligations for over two years before questioning his liability for rent. We find there even more significant circumstances than are outlined in the opinion in Myers v. Croswell as necessary in conjunction with possession to remove any restraint of the statute of frauds.
The second paragraph of the syllabus, often quoted, is of no more consequence than the decision in Wilber v. Paine, on which it is based and which case is not, in our judgment, authority for the broad statement that taking possession of real estate removes the transaction from the statute of frauds.
It is urged by the defendant that this being an action at law his demurrer to the petition should be sus *343 tained on the authority of the fifth paragraph of the syllabus of Kling, Admr., v. Bordner, 65 Ohio St., 86, 61 N. E., 148, which reads:
“The doctrine of part performance obtains in equity only, and does not avail to render a contract which is void by the statute because unwritten or unsigned, capable of being sued on in a court of law. ’ ’
That statement, however, appears too broad. The law on the subject has developed in Ohio so that part performance consisting of taking possession of real estate under an oral agreement may remove the transaction from the statute of frauds and permit an action at law on the contract if such possession is accompanied by acts which unmistakably point to a contract between the parties and which can only be accounted for as having been done in pursuance of the contract pleaded.
In the instant case the allegations of the petition and the conduct of the parties do not meet those specifications. Here a tract of land was transferred by deed upon the payment of $20,000 and the purchaser was put in possession. The petition does not reveal the terms of the deed and it must be assumed that it contained nothing on which the plaintiff—the grantor —could rely to establish the alleged further and additional consideration. The plaintiff lived in a house on the premises and was ordered to move out in April— about three months after the sale. That would seem a reasonable result of the sale. It does not indicate an agreement that the grantor was to live in the house at a rental of $40 per month for an indefinite time during which the grantee would build him a new house at cost on some other parcel to be chosen by him, and that the grantor should have an option to purchase the house which he had just sold to the defendant.
There was nothing in the conduct of the parties as pleaded to indicate reliance upon such a contract as is *344 pleaded. Again, it should be observed that the plaintiff does not seek to recover the value of the real estate sold. He did receive $20,000 and executed a deed to the purchaser and put the purchaser in possession. For aught that appears the $20,000 may have been more than the provable value of the premises.
The petition does not plead facts which would remove the transaction from the operation of the statute of frauds.
In our judgment this case is a good example of the reason for the statute of frauds and of the danger of a sweeping arbitrary rule that when real estate is sold by oral agreement and the transfer is completed the mere taking of possession by the grantee takes the entire transaction out of the statute. If such were the law the extent of frauds which could be perpetrated by an unscrupulous grantor, long after the transfer is effected, would be unlimited.
The judgment of the Court of Appeals is reversed and that of the Common Pleas Court is affirmed.

Judgment reversed.

Taft, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.