DAWES, APPELLEE, *v.* MURPHY ET AL., APPELLANTS; INLAND MTG. CORP. ET AL., APPELLEES.

(No. 7360—Decided June 25, 1963.)

*Mr. Jules L. Garel*, for appellee Dawes.

*Mr. George E. Tyack*, for appellants.

*Messrs. Porter, Stanley, Treffinger & Platt* and *Mr. John H. Leddy*, for appellee Inland Mortgage Corporation.

DUFFEY, J.  Defendant-appellee, Inland Mortgage Corporation, has filed a motion to dismiss the appeal on questions of law and fact by the defendants-appellants, Robert L. Murphy and Gladys L. Murphy.  The appeal is from a judgment of the Common Pleas Court of Franklin County, granted on a motion for summary judgment.

The original proceedings were commenced by Esther J. Dawes against the Murphys, Inland Mortgage Corporation and numerous others.  Inland filed a counterclaim (referred to by the parties as a cross-petition but see Section 2309.16, Revised Code).  This counterclaim purports to state two causes of action.  In the first it alleges a promissory note, that the "entire amount" has not been paid and that the "conditions" of the note have been broken.  No conditions are alleged, and the note is not attached.  It further alleges that the sum of $13,500 is now due with interest.  In the second "cause of action" appellee incorporated the first, and further alleged a mortgage from the Murphys and a default.  The prayer goes to both causes of action, and is for judgment for $13,500 plus interest, that liens be marshalled, that the priority of the mortgage be declared, that the mortgage be foreclosed and the property sold.

While many parties were served, we are concerned here with the Murphys.  Their answer admits *execution* of a mortgage.  There is no reference made to the note.  They denied delivery of the mortgage, alleged payment of all amounts due, and made a charge of misrepresentation of fact by Inland.  Everything else in the counterclaim is denied.

Appellee contends that the counterclaim constitutes an action at law only and, therefore, that it is not appealable on questions of law and fact.  Reliance is placed on *Borton* v. *Earhart* (1945), 144 Ohio St., 334.  Since the amendment of Section 6, Article IV of the Constitution in 1945, the delimitation of jurisdiction in law and fact appeals is within the authority of the Legislature.  *Hebden* v. *Hebden* (1957), 107 Ohio App., 184. The categories of cases in which such an appeal may be had are

defined in Section 2501.02, Revised Code. The court is of the opinion that the counterclaim here is not one at law, and that it does fall within Section 2501.02 (3), Revised Code. However, the majority of the court holds that *sua sponte* and on the court's own motion the appeal should be reduced to one on questions of law only.

With respect to the nature of the action here, it is theoretically conceivable that a person might wish to waive his mortgage security and sue the mortgagor on a note only. If so, the action would be for money only. A real estate mortgage foreclosure action arises from the historical refusal of equity to give effect to the forfeiture provisions of the mortgage instrument and the creation of the equitable right of redemption. Having created the right to redeem, it was also necessary to create its corollary, the right to foreclose redemption and enforce the security for the payment of the debt. Mortgage foreclosure necessarily rests on the existence of a debt and equity enforcement of that obligation by a decree of foreclosure and sale. Under the principle of plenary equitable jurisdiction, equity may also grant in the foreclosure proceedings the incidental law relief of a deficiency judgment.

We need not discuss here the legal consequences of obtaining a judgment at law upon the note for the entire balance due. It is sufficient to say that it ought to be apparent that a mortgagee cannot obtain a personal judgment at law for the entire balance while also foreclosing the mortgage in equity and taking the proceeds of the sale. The pleadings here show no intent to waive the security but rather that it is sought to obtain foreclosure, and the judgment entry decrees foreclosure.

In *Borton* v. *Earhart, supra,* the action was against the defendant-mortgagor who conceded the right to foreclose. The plaintiff also sought personal liability on the debt against four others who were not bound by the mortgage. The only issues presented went to personal liability for money. Under those circumstances, the Supreme Court held that the primary and paramount relief sought was a judgment for money and that the foreclosure was merely incidental. In the present case, the action is against a mortgagor who contests the right to foreclose and there are no other persons sought to be charged on the underlying debt. In our opinion, the paramount and primary re-

lief sought is in equity for foreclosure and marshalling of liens. The money judgment aspect is incidental relief which falls within the plenary equity jurisdiction of the court.

However, in *LeMaistre, Admr.,* v. *Clark* (1943), 142 Ohio St., 1, the Supreme Court held that law and fact jurisdiction does not authorize an appellate court to conduct a trial on issues of fact unless such a trial has been had in the court of first instance. See, also, the discussion in Skeel's Ohio Appellate Law, 108, Section 214. While *LeMaistre* was decided prior to 1945, the present constitutional provision does not affect the principle of that case, although it will permit the Legislature to do so. In the opinion of the majority of this court, the statutes contemplate and require a determination of fact by the trial court. See Sections 2501.02, 2505.01 (C), and, especially, 2505.21, Revised Code. This court has followed the *LeMaistre case* on several occasions since the enactment of these statutes. See, for example, *Parklawn Manor, Inc.,* v. *Jennings-Lawrence Co.,* 119 Ohio App., 151, which involved the dismissal of a counterclaim for reformation of a contract at the close of the plaintiff's case.

A summary judgment under Section 2311.041, Revised Code, involves only the determination of whether there is a genuine issue of material fact. Thereupon the question for the court is one of law as to whether reasonable minds can differ. Accordingly, a final judgment based upon a motion for summary judgment involves no fact determination on the merits of the case and is not appealable on law and fact.

Attention is also directed to the fact that the record here does not show any bond filed in accordance with the provisions of Section 2505.06, Revised Code. The failure to file the bond within the time required is also grounds to dismiss an appeal on questions of law and fact.

The motion to dismiss the appeal on questions of law and fact is sustained. The case will be reduced to an appeal on questions of law only. Appellant will be granted 30 days to comply with Rule V, D, of this court.

*Motion sustained.*

TROOP, J., concurs.

BRYANT, J., dissenting. The question before the court at this time arises under a motion filed by the Inland Mortgage Corporation, defendant-appellee, to dismiss the appeal on questions of law and fact filed by Robert L. Murphy and Gladys L. Murphy, defendants-appellants.

On behalf of the Inland Mortgage Corporation, hereinafter called Inland, it is contended that "because this case is an action at law and such appeal is improper in such action," the appeal on questions of law and fact should be dismissed. Counsel for Inland cite the decisions of the Supreme Court of Ohio in the cases of *Borton* v. *Earhart* (1945), 144 Ohio St., 334, and *Nordin* v. *Coulton* (1943), 142 Ohio St., 277; and three decisions by Courts of Appeals of Ohio between 1928 and 1936 in support of Inland's contention that the case now in court is not appealable on questions of law and fact.

In the case of *Hebden* v. *Hebden* (1957), 107 Ohio App., 184, it was held that the 1945 amendment of Section 6, Article IV of the Constitution of Ohio authorized the General Assembly to define the appellate jurisdiction of the Courts of Appeals and that this authority had been exercised by the General Assembly by the enactment of Section 2501.02 of the Revised Code effective October 4, 1955 (126 Ohio Laws, 56, later amended in 129 Ohio Laws, 742, effective January 10, 1961). The first paragraph of the syllabus in the *Hebden case, supra,* reads as follows:

"Section 2501.02, Revised Code, as amended, effective October 4, 1955, enacted pursuant to the 1945 amendment of Section 6, Article IV of the Constitution, authorizing the General Assembly to change the appellate jurisdiction of the Court of Appeals, prescribed the jurisdiction of the Courts of Appeals in appeals on questions of law and on questions of law and fact; and cases not falling within the ten classes specified therein as appealable on questions of law and fact are appealable on questions of law only."

Section 2501.02, *supra,* reads in part as follows:

"* * * In addition to the original jurisdiction conferred by Section 6 of Article IV, Ohio Constitution, the court shall have jurisdiction:

"* * * *

"Upon an appeal on questions of law and fact the Court

of Appeals, in cases arising in courts of record inferior to the Court of Appeals within the district, shall weigh the evidence and render such judgment or decree as the trial court could and should have rendered upon the original trial of the case, in the following classes of actions, seeking as a primary and paramount relief:

"* * *

"(3) The foreclosure of mortgages and marshalling of liens, including statutory liens;

"* * *

"In all cases not falling within the classes designated above the Court of Appeals shall have jurisdiction to proceed as in an appeal on questions of law only."

The notice of appeal filed by Robert L. Murphy and Gladys L. Murphy on April 23, 1963, reads as follows:

"Robert L. Murphy and Gladys Murphy, defendant appellants herein, give notice of appeal on questions of law and fact to the Court of Appeals of Franklin County, Ohio, from the final order and summary judgment rendered herein on the 15th day of April, 1963."

The court's decree of April 15, 1963, makes reference to the execution and delivery by the Murphys to Inland of "their certain mortgage as in the cross-petition described, and on the premises therein described; * * *." The decree finds "that the conditions of said mortgage have been broken," and orders that unless the Murphys within thirty days thereafter pay the full amount of the judgment with interest "their equity of redemption of said property be foreclosed and said premises be sold, etc."

In as much as the order appealed from clearly orders the foreclosure of the mortgage executed by the Murphys in favor of Inland, the case comes within the provisions of paragraph 3 of Section 2501.02, *supra*, above set forth. For this reason, therefore, the motion should be overruled.