## ANDREWS v STATE

Ohio Appeals, 4th Dist, Brown Co.
Decided Nov. 8, 1930

Bagby & Bagby, Georgetown, for Anderson.

John H. Houston, Georgetown, for State.

BLOSSER, J.

It is urged that as the case of embezzlement against Leeds was not assigned for trial in accordance with **13442-1 GC.** the plaintiffs in error are not bound by the recognizance, and further that a continuance was granted in this case and no reason therefor given on the journal of the court. In enacting this section of the code the legislative intent was to prevent undue delays in criminal cases and to provide for a speedy disposition of them in the courts. The section is directory in character rather than mandatory and can not be construed to have the effect sought to be placed upon it by the plaintiffs in error. The last paragraph of the section provides that failure of the court to set such criminal case for trial as required by the section shall not operate as an acquittal but upon notice of such failure, or upon motion of the prosecuting attorney or of the defendant, such case shall be forthwith set for trial within a reasonable time, not exceeding thirty days thereafter. The record does not disclose that the defendant Leeds appeared in court or that the sureties on his recognizance at any time produced him in court or asked the court to set the case for trial.

The recognizance in question substantially complies with **13435-9 GC.**, which is as follows:

"In all cases in which an indictment is returned or information filed in the court of common pleas such court shall require the accused to enter into a recognizance in such an amount as the court shall fix. It shall not be necessary to renew such recognizance at the end of the term or at any other time, except upon motion. \*\*\* Such recognizance when so given shall be conditioned that the defendant abide the order and judgment of the court, and appear from day to day and not depart without leave until such case is finally

disposed of."

The plaintiffs in error signed such a recognizance and were bound by its terms. They were properly notified to produce Leeds in court at the time named, and the provisions of 13435-18 GC. were complied with. The sureties failed and neglected to produce Leeds in court or to show cause why they could not do so or why judgment should not be entered against them. It is urged that the record does not show that any evidence was offered in behalf of the state. The journal entries show the action of the court and that the court was fully justified in forfeiting the recognizance and that all necessary steps were taken. Under the provisions of this section it was incumbent upon the plaintiffs in error to show cause why judgment should not be entered against them for the amount of the recognizance. No good cause having been shown the court properly entered judgment against the sureties. If the plaintiffs in error desired the amount of the penalty reduced in whole or in part then it was incumbent on them to produce facts that would justify the same.

The cases of **Gebhardt v. Drake, 24 Oh St 177,** and **Grieve v. Freytag, 21 Oh St 147,** are cited in support of the contention of plaintiffs in error. However, they are not applicable to this case for the reason that they were decided by the Supreme Court before remedial 13435-9 GC. was enacted by the legislature. Another remedial provision is 13435-22 GC., which provides:

"An action brought on a recognizance as provided in the next preceding section shall not be barred or defeated, nor a judgment thereon reversed, by the neglect or omission to note or record the default, nor by a defect in the form of such recognizance, if it appear from the tenor thereof at what court the party or witness was bound to appear, and that the court or officer before whom it was taken was authorized by law to require and take such recognizance."

Leeds did not appear in court at the time requested nor at any other time so far as the record discloses. We think the recognizance was properly forfeited.

"In an action on a recognizance conditioned for the appearance of a party on the first day of the term to answer to an indictment, and for his abiding the orders of the court and not departing the court without leave, and where the party was not called or defaulted until the fifth day of the term, it is no defense to show that the party indicted was on the first day of the term present *** and might have appeared at the time he was so called and defaulted."

**Bishop & Randolph v. State, 16 Oh St 419.**

"After failure so to appear and on forfeiture of the recognizance the sureties are liable on the recognizance."

**Hampton v. State, 42 Oh St 401.**

It is also urged that the recognizance should have been turned over to the prosecuting attorney and suit brought by him and the plaintiffs in error served with summons. This matter is regulated by 13435-21 GC., which provides:

"The prosecuting attorney shall prosecute recognizances by him received, for the penalty thereof, unless judgment be taken as hereinbefore provided."

Judgment already having been taken as thereinbefore provided no further action of the prosecuting attorney was necessary.

Not having complied with the terms and conditions of the recognizance we think that the action of the lower court in rendering judgment against the plaintiffs in error was regular.

Finding no prejudicial error in the record the judgment is affirmed.

Middleton, PJ, and Mauck, J, concur.