**CLEVELAND (City), Plaintiff-Appellee, v. LOVINESS, ALLEN, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23394.   Decided April 14, 1955.

Ralph S. Locher, Director of Law and John H. Urbancik, Asst. Director of Law, Cleveland, for plaintiff-appellee.

Alan Meltzer (for appellant Rose Allen), Cleveland, for defendants-appellants.

(CONN, PJ, DEEDS, J, and FESS, J, of the Sixth District sitting by designation in the Eighth District.)

## OPINION

By CONN, PJ:

This is an appeal on questions of law from a judgment entered in the Civil Branch of the Municipal Court of the City of Cleveland overruling the motion of defendant-appellant, Rose Allen, to vacate the judgment which had been rendered against her and defendant James Loviness.

The City of Cleveland, on April 26, 1954, filed its petition in the Municipal Court, Civil Branch, No. A-305266, against James Loviness and Rose Allen, alleging that on November 1, 1953, one James Richardson filed an affidavit in the Municipal Court of the City of Cleveland charging the defendant, James Loviness, "with operating a car while under the influence of liquor."

It is alleged in said petition that James Loviness and Rose Allen personally appeared in said court and jointly and severally acknowledged themselves to owe the City of Cleveland the sum of Two Hundred and no/ 100 ($200.00) to be levied on their goods and chattels, lands and tenements; * * * if default should be made in condition following, to-wit:"

"That the said James Loviness should personally be and appear before the Cleveland Municipal Court of Cleveland in the Municipal Court Room, Payne Avenue and East 21st Street in said City on the 24th day of November, 1953, at 10 o'clock a. m., then and there to answer to the charge of operating a motor vehicle while under the influence of liquor, and shall further appear before said Court from time to time, on such days as may be required, until the case shall be finally disposed of, and abide the judgment of the court and not depart without leave, as by the terms of said Bond, as the record thereof in said Court duly attested according to law will appear, a copy of which said Bond is hereto attached and filed herewith, marked 'Exhibit A'."

It is further alleged that said James Loviness did not appear before the said court; that thereupon said bond was forfeited in open court; that said James Loviness and Rose Allen, "sureties", were given notice pursuant to §13435-18 GC to produce the body of the defendant or show cause why judgment should not be entered against them for the amount of the bond, "but came not and made default."

Plaintiff prays for judgment in the amount of $200.00 and costs.

No summons was issued or notice of any kind given defendant-appellant of the filing and prayer of plaintiff's petition.

On April 27, 1954, the day following the filing of the petition, the following docket entry was made:

"Notice having been duly given pursuant to provisions of §13435-18 GC and defendant having failed to apear to show cause, judgment is rendered for plaintiff for $200.00 and costs. Referred to County Auditor for further proceedings according to law. Journal entry filed April 27, 1954."

September 2, 1954, defendant-appellant, Rose Allen, filed a motion to vacate and set aside said judgment on the ground of irregularities in obtaining same, which motion was supported by affidavit of Alan Meltzer, attorney for defendant-appellant, wherein it was averred among other things, that defendant-appellant on March 27, 1954, filed a motion in the criminal case to vacate the order of forfeiture made on said bond; that defendant-appellant be discharged from her obligation on said bond; and that on April 6, 1954, said motion was overruled.

Affiant further avers that immediately following the overruling of said motion, he conferred with the attorney for plaintiff and advised him that as an appeal would be taken from the decision on said motion, he requested that legal action on said bond be withheld until said decision forfeiting the bond could be reviewed on appeal; that said request was agreed to but that notwithstanding same, and while said cause was pending in the Court of Appeals, the aforesaid judgment, without notice to defendant-appellant, was entered against her; and that affiant did not learn that said judgment had been entered until August 27, 1954.

Appellant's former appeal from the order entered in the criminal case was dismissed upon the ground that it was not taken from a final order.

It further appears that defendant-appellant, upon the hearing of her said motion to vacate, tendered her answer in which she admits having executed, as surety, the bond providing that James Loviness should appear before the Cleveland Municipal Court on such days as might be required of him; that on March 11, 1954, James Loviness appeared in said court and entered a plea of guilty; that said defendant was sentenced to 30 days' imprisonment in the workhouse, which was suspended, and fined $50.00 and costs, license conditionally suspended and "To pay 3-15-54"; that appellant-defendant admits said bond was forfeitured by order of the court on or about March 15, 1954.

It is further averred in said answer that the conditions of said "bond were satisfied under §1901.01 R. C. of Ohio and Rule 2C-1-a of the Criminal Branch of the Cleveland Municipal Court" and that there is nothing due and owing plaintiff. However, defendant-appellant's answer does not contain a general denial.

Said answer contains a second defense, so-called, that in event the Court should find that the conditions of the bond had not been satisfied, then defendant says she cannot be held for any sum in excess of $50.00, the amount of said fine and costs.

It appears in briefs of counsel that the charge laid by affidavit

against James Loviness and filed in the Criminal Branch of the Municipal Court was numbered 492979.

Upon the hearing, the motion to vacate said judgment was overruled. Defendant-appellant contends that this action of the trial court was erroneous, and submits the following assignments of error:

1. Error in refusing to vacate the judgment rendered against defendant-appellant on said bond, which judgment was rendered contrary to the promise of plaintiff-appellee, and without service of process on appellant and without notice of hearing.

2. That said judgment is contrary to the evidence, not supported by the evidence, and is contrary to law.

Upon the hearing on the motion to vacate, evidence was introduced on the alleged understanding between counsel to the effect that any action on the bond would be deferred during the appeal taken from the order forfeiting the bond. It appears that the order of forfeiture had been made in the criminal branch of the Municipal Court. The evidence on this issue was in conflict. However, in view of the conclusion we have reached, this issue of fact is not material.

The first assignment of error challenges the validity of the judgment entered against the surety, defendant-appellant, on the ground of want of due process. This issue is raised by the motion to vacate the judgment and tender of answer.

Plaintiff-appellee contends that the summary judgment entered against the surety is authorized and predicates its contention on the ground that the original proceeding in the Municipal Court, Criminal Branch, No. 429979, wherein an order was made forfeiting the bond, and this proceeding, begun in the Municipal Court, Civil Branch, No. A-305266, were one and the same continuous action and that no new civil action was commenced.

We are not in accord with this contention and shall briefly set forth the reasons for the conclusion we have reached.

We first call attention to the conditions of the bond, executed by defendant Loviness, and the defendant-appellant, as surety. The bond required said defendant to appear before the Cleveland Municipal Court, Criminal Branch, on a given day,

"and shall further appear before said court, from time to time, on such days as may be required, until the case shall be finally disposed of, and abide the judgment of the court and not depart without leave, then this bond shall be void, otherwise it shall be and remain in full force and effect in law."

The form of this bond and its conditions are broader and more comprehensive than that provided by §2937.44 R. C. prescribing the form of recognizance bonds in the common pleas court. Sec. 1901.21(B) R. C., relating to recognizance bonds in the Cleveland Municipal Court, without setting forth a form such as is found in §2937.44 R. C. merely provides:

"The recognizance shall require the prisoner to appear before the court to answer the charge against him, or before the court of common pleas when the defendant is held to the grand jury."

No specific procedure for the forfeiture of bonds is provided in

the Municipal Court Act. However, pursuant to **Chapter 2937 R. C.** (§§2937.21 to 2937.45 R. C. inclusive), the procedure in the common pleas court relative to bail and recognizance in criminal cases, qualification of sureties, forfeiture, etc. is expressly made applicable to all courts of record or magistrates.

Sec. 2937.38 R. C. (13435-18 GC) makes provision for procedure when the party recognized fails to apear and answer, "fails to perform the conditions thereof", and provides that the court shall give the surety 20 days' notice to appear on or before a given date and produce the body of the defendant, or show cause why the judgment should not be entered against them for the amount of the bond.

The petition filed by the plaintiff-appellee in this case sets up the conditions of the bond and alleges that defendant, Loviness, did not appear, and thereupon the bond was forfeited in open court.

The answer tendered by defendant-appellant contains an averment that defendant, Loviness, did appear before the Municipal Court on February 11, 1954, was found guilty and sentenced to 30 days in the workhouse and fined $50.00 and costs, "To pay 3-15-54." The sentence contained further provisions not material here.

Notwithstanding the allegations in the petition that defendant, Loviness, was ordered to appear November 24, 1953, at 10.00 o'clock a. m., it is contended by plaintiff-appellee that "the final disposition of the criminal case took place on March 15, 1954," a date subsequent to the trial of defendant at which time he was found guilty, and that no appearance was made by defendant, Loviness, on said last mentioned date, and further that the bond was rightfully forfeited.

Sec. 2937.38 R. C. above referred to, outlines the procedure where the "person under recognizance to appear and answer" fails to perform the conditions of the bond and contemplates summary judgment against the surety upon orders to show cause in the criminal case itself. If default be made, it shall be recorded and such recognizance forfeited in open court. Further provision is made for remission of the penalty as well as issuance of execution upon the judgment "as in civil actions." This section further authorizes the court to enter judgment "for such sum as it sees fit, not exceeding the full amount thereof."

Sec. 2937.43 R. C. (§13435-24 GC) also contains provisions for remission or reduction of the penalty of a forfeited recognizance **"either under §2937.38 R. C. or by civil action."**

We call attention to §2937.41 R. C. (§13435-21 GC) which provides as follows:

"The prosecuting attorney shall prosecute recognizances received by him, for the penalty thereof, unless judgment is taken thereon under §2937.38 R. C. Such actions shall follow civil procedure as far as applicable."

The defendant, Loviness, having appeared for trial, it is our opinion that §2937.38 R. C. is not applicable to the instant case. Plaintiff-appellee in filing an independent action, as it has done, tacitly concedes that it is proceeding under §2837.41 R. C. in filing its action in the Civil Branch of the Municipal Court against defendant Loviness and Rose Allen, the surety, praying for judgment in the full amount of the bond.

It is apparent that the petition in the instant case filed in the Civil Branch of the court is brought pursuant to the provisions of §2937.41 R. C. It does, however, allege, after setting up the conditions of the bond, that the defendant did not appear and thereupon the bond was forfeited in open court.

In 7 O. Jur. 2nd, 71, et seq., Secs. 45 to 52 inclusive, consideration is given to the provisions of the statutes relating to "actions and proceedings on bonds and recognizances". The author points out that there are two ways in which a forfeited bond given in a criminal case can be enforced. That is to say, either by proceeding and judgment upon an order to show cause in the original criminal proceeding, or by separate action.

We call special attention to Sec. 47, page 73, relating to actions on bonds and recognizances, as follows:

"47. An action by the state on a criminal bail bond is civil, and not criminal, in its nature. The action does not involve the guilt or innocence, conviction or acquittal, of any person; though it may be a proceeding arising in a criminal case, it is in no sense a continuation of the criminal proceedings in which the bail bond was given. The Code provides that such actions shall follow civil procedure so far as applicable."

We also call attention to the Municipal Court Act, subsection B, of §1901.21 R. C. in re "Criminal and Civil Procedure; Bond." This subsection contains provisions, among others, for recognizances for the appearance of a defendant, and qualifications of the surety, and further provides that:

"The recognizance shall require the prisoner to appear before the court to answer the charge against him, or before the Court of Common Pleas when the defendant is held to the grand jury."

Sec. 2307.01 R. C. defines an action as follows:

"An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense."

The answer tendered by defendant-appellant raises several issues, including the issue relating to the character of the bond and the further issue that the bond was satisfied by reason of the fact that defendant Loviness, appeared for trial.

It appears that the several statutes containing provisions for bail and recognizances and qualifications and rights of sureties are in pari materia and must be construed together. We have called attention to a number of them.

Having in view the several statutory provisions referred to above and our Code of Civil Procedure, so far as they are applicable to the fact situation presented, it is our conclusion that the action begun by plaintiff-appellee in the Municipal Court, Civil Branch, is a civil action and that defendant-appellant is entitled to due process and a judicial determination of the issues raised.

The defendant-appellant having made a prima facie showing that she had a valid defense, if sustained, the judgment of the trial court should have been suspended and the defendant-appellant given leave

to file her answer. The refusal of the trial court so to do was error prejudicial to defendant-appellant, and contrary to law. See **Bellows v. Bowlus, 83 Oh Ap 90, 94**, and cases cited.

The judgment of the trial court should be reversed and the cause remanded thereto with instructions that the motion to vacate the judgment be granted; that the judgment be suspended; that defendant-appellant be permitted to file her answer, and that the issues raised on the pleadings and the evidence be determined by the trial court.

Cause remanded to the Municipal Court of Cleveland, Civil Branch, for further proceedings.

Exceptions noted. Order see journal.

DEEDS, J, FESS, J, concur.