CITY OF CLEVELAND, APPELLEE, v. YOUNG; ALLEGHENY MUTUAL
CASUALTY CO., APPELLANT.*
CITY OF CLEVELAND, APPELLEE, v. STEAD; ALLEGHENY MUTUAL
CASUALTY CO., APPELLANT.**

(Nos. 26201 and 26202—Decided March 28, 1963.)

*Mr. Bronis J. Klementowicz*, director of law, and *Mr. Richard M. Brennan*, for appellee.

*Mr. Alexander R. Roman* and *Mr. Richard H. Siegel*, for appellant.

ARTL, J.   These are appeals on questions of law from judgments entered by the Municipal Court of Cleveland against the defendants upon forfeited recognizances entered into by the respective defendants in the criminal branch of the Municipal Court of Cleveland.

Factually, these cases vary slightly.   The basic legal issue submitted for the consideration of the court is precisely the

*Motion to certify the record overruled (38273), December 11, 1963.
**Motion to certify the record overruled (38274), December 11, 1963.

same in each case. Some of the factual variations give rise to additional issues. They will be pointed out at the appropriate time.

These cases were considered and submitted as companion cases. They are so regarded and treated in this opinion.

For the purpose of this opinion, the parties will be referred to as they stood in the trial court. In the interest of clarity, the first of these cases will be denoted as the *Young case*, the second as the *Stead case*.

Defendant Young, on June 24, 1960, was charged with a criminal offense in the Municipal Court of Cleveland and on the same day entered into a recognizance in the sum of $200 with defendant Allegheny Mutual Casualty Company as surety, pleaded guilty, and the case was passed for sentence to September 16, 1960. On that date, defendant Young defaulted in appearance, the bond was ordered forfeited, a capias was issued, and the clerk directed to notify the surety. On October 7, 1960, the surety, having failed to produce the defendant, the court ordered the bond be referred to the civil branch of the court for judgment and further proceedings according to law.

A civil action was instituted against defendant Young and his surety, defendant Allegheny, on January 21, 1961. Following service on both defendants, the defendant Allegheny was given several leaves to move or plead, the last to June 28, 1961. In the meantime, defendant Young appeared in criminal court on February 10, 1961, capias was recalled, and the case was continued to February 14, 1961, and again to March 10, 1961, on which date sentence was imposed, and on March 21, 1961, sentence was ordered executed.

On May 29, 1961, the court entered the following judgment:

"May 29, 1961: Case called; Plaintiff in court; Defendant not; trial had: Court finds for and renders judgment in favor of the plaintiff in the sum of $200.00 and costs."

The entry was endorsed:

"Journal entry received for journalization May 29, 1961. Helen J. Lyons, Clerk."

The judgment and costs were thereupon paid by defendant Allegheny Mutual Casualty Company.

On August 17, 1962, a motion to vacate and/or modify judgment, dismiss case and for other relief was filed and assigned

for hearing on August 31, 1962. On that date the motion was overruled and the court made the following entry:

"August 31, 1962: Since defendant paid judgment without protest, court believes defendant waived any errors. Motion to vacate or modify overruled."

The entry was endorsed:

"Journal entry received for journalization August 31, 1962. Helen Lyons, Clerk."

In the *Stead case*, the facts are similar. On September 19, 1960, Stead was charged with a criminal offense in the Municipal Court of Cleveland, bond was fixed in the amount of $1,000 which was entered with the defendant Allegheny Mutual Casualty Company as surety. Stead did not appear for trial when required, and the bond was ordered forfeited and referred to the prosecutor's office for collection.

Civil proceedings were instituted on April 10, 1961. Following several leaves to plead, defendant Allegheny was given leave to file its answer instanter on August 16, 1961. On August 2, 1961, the action was dismissed without prejudice as to John William Stead for failure to obtain service, at plaintiff's costs, for which judgment was rendered.

On November 27, 1961, the court made the following entry:

"November 27, 1961: By consent of the parties hereto, judgment is rendered in favor of plaintiff for $1000.00 and costs against Allegheny Mutual Casualty Co."

The entry was endorsed:

"Journal entry received for journalization November 27, 1961. Helen Lyons, Clerk."

On August 17, 1962, defendant filed a motion to vacate or modify the judgment, dismiss the case and for other relief, and on August 31, 1962, the court made the following entry:

"August 31, 1962: Since original judgment was made by consent of both parties, motion to vacate and/or modify overruled."

The entry was endorsed:

"Journal entry received for journalization August 31, 1962. Helen Lyons, Clerk."

The basic legal issue, common to both of these cases, is posed in the question urged by the appellant:

"May the Cleveland Municipal Court render a judgment on

a forfeited recognizance pursuant to a petition filed in the civil branch of said court when the authority for such procedure under Section 2937.01 *et seq.* of the Revised Code of the state of Ohio, no longer exists."

The defendants contend that it may not and as a consequence set forth the following assignments of error in each of these cases:

"1. The Cleveland Municipal Court erred in overruling the motion to vacate judgment of the defendant-appellant.

"2. The Cleveland Municipal Court erred in not sustaining the motion to vacate judgment of the defendant-appellant.

"3. The Cleveland Municipal Court erred in overruling the motion to modify judgment of the defendant-appellant.

"4. The Cleveland Municipal Court erred in not sustaining the motion to modify judgment of the defendant-appellant.

"5. The Cleveland Municipal Court erred in not ruling that the court had no jurisdiction over the subject matter in said cause.

"6. Other errors of law appearing of record."

The procedure to be followed for the enforcement and collection of a forfeited bond or recognizance is governed by the statutes of Ohio. We must, therefore, look to the statutes governing this procedure for the answer to the question presented. The statutes are found in Chapter 2937, and are identified specifically as Section 2937.01 *et seq.* During the legislative term of 1959, certain statutes were repealed, others amended, effective January 1, 1960, to which reference will be hereinafter made.

Prior to January 1, 1960, pursuant to the provisions of Section 2937.01 *et seq.* of the Revised Code, there were two methods permissible for the enforcing of forfeited recognizances, namely, the open court method based upon the authority of former Section 2937.38, Revised Code; the other method was derived under the authority of two sections of the Revised Code, to wit, Sections 2937.41 and 2937.43.

Under Section 2937.38, upon failure of the defendant bailed to appear and perform the condition of his bond, a default would be recorded and such recognizance forfeited in open court. The court which had jurisdiction of the defendant then had the clerk

give the surety twenty days notice to appear on or before a given day and produce the defendant or to show cause why judgment should not be entered. If defendant was not produced or good cause shown, the court then was authorized to enter judgment against the surety on the recognizance. The court could remit or reduce the whole or part of the penalty. Execution could be awarded upon such judgment as in civil actions. In other words, the forfeiture of such recognizance was a continuing process in the criminal action and is referred to as the open court method.

As earlier noted, the second method of enforcing forfeited bail bonds or recognizances was a civil action brought by the prosecuting attorney, pursuant to the following statutes:

Section 2937.41, Revised Code. "The prosecuting attorney shall prosecute recognizances received by him, for the penalty thereof, *unless judgment is taken thereon under Section 2937.38 of the Revised Code.* Such actions shall follow civil procedure so far as applicable." (Emphasis supplied.)

Section 2937.43, Revised Code. "When a judgment has been rendered against the defendant, *either under Section 2937.38 of the Revised Code* or by civil action, for the whole or part of the penalty of a forfeited recognizance, the court rendering such judgment may remit or reduce the amount thereof, under such section or when after such rendition the accused has been arrested and surrendered to the proper court to be tried on such charge, or to answer the judgment of said court." (Emphasis supplied.)

That each of such methods was a separate, distinct and complete method of enforcement of forfeited bonds, independent of each other, was recognized in *Andrews* v. *State* (App.), 9 Ohio Law Abs., 37; *City of Cleveland* v. *Loviness* (App.), 71 Ohio Law Abs., 105.

From an examination of the Revised Code provisions relative to forfeit of bail and forfeiture proceedings, we note that the Legislature repealed certain statutes and amended others, all effective January 1, 1960, the effect of which is to provide *but one method* of enforcing forfeited bail bonds or recognizances, that method being the open court method. Since January 1, 1960, the authority for such procedure is derived from

24

Sections 2937.35 and 2937.36 (C) of the Revised Code (128 Ohio Laws, 97, 110), former Section 2937.38, Revised Code, having been repealed (128 Ohio Laws, 97, 116).

By the repeal of former Section 2937.41 of the Revised Code (128 Ohio Laws, 97, 116), authorizing the prosecuting attorney to prosecute recognizances received by him for the penalty thereof through the medium of civil proceedings, the Legislature has abolished the second method of procedure in effect prior to January 1, 1960. Section 2937.43, Revised Code, dealing with the subject of remission of penalty after judgment, which in effect related to cases where judgment had been rendered, either under former Section 2937.38, Revised Code, *or by civil action*, was likewise repealed (128 Ohio Laws, 97, 116), and the same subject is now covered in Section 2937.39, Revised Code. From this analogous statute is deleted the reference to the words, *"or by civil action."*

This court, in cause No. 25575, of the record of causes of this court captioned *State of Ohio, plaintiff appellee, v. Margaret Pattin et al., defendants appellants,* on April 18, 1962, determined the specific issue in this cause by stating in the journal entry filed therein:

"Upon due consideration the court reverses said judgment for the reason that Section 2937.36, Paragraph C of the Revised Code, from and after January 1, 1960, its effective date, provides the only procedure now available to enforce a penalty of recognizance declared forfeited in a criminal case; and that the filing of a separate civil action, as was done in this cause, is not permissible and a judgment rendered thereon is void and of no effect whatsoever since the procedure now is one continuing in the criminal case itself. Cause is remanded with instructions to grant the motion to vacate and enter final judgment for the appellant."

Although the record indicates that the two judgments appealed from were both entered before the date on which this court made its ruling in the aforesaid *Pattin case, supra,* to wit, April 18, 1962, the record also discloses that the motions to vacate such judgments were filed and overruled after this court's ruling. It should be noted that the appellants in their motions to vacate such judgments urged as their authority in support thereof the ruling of this court in the *Pattin case, supra.*

If these cases involved solely the issue embodied in the query hereinabove noted, namely, "May the Municipal Court of Cleveland render the judgments which it did under the present status of the statutes as they existed effective January 1, 1960?," our answer would be in the negative, under the authority of the *Pattin case, supra*, with which we are in complete accord.

However, as earlier indicated, there are secondary issues involved, which we are required to resolve and which grow out of facts which vary in each case.

In the *Young case*, the judgment entered therein was paid. In the *Stead case*, the judgment was entered by consent of parties. The entries of the trial court with respect to the motions to vacate have both been set forth above.

The second issue involved in the *Young case* is stated by the appellant in the following query:

"Did the defendant waive its right to complain of error since the defendant paid the judgment without protest?"

And in the *Stead case*, the second issue is embodied in the following question:

"Since the original judgment was made by consent of both parties did the defendant waive its right to complain of errors, and more specifically, the lack of jurisdiction in the Cleveland Municipal Court to render judgment?"

In view of the arguments of the appellant set forth in his brief, it is clear to us that counsel concludes from this court's decision in the *Pattin case, supra*, that the trial court lacked jurisdiction of the subject matter to enter the judgment in that case.

Council for appellee on the other hand argues that nowhere did this court (in its entry in the *Pattin case, supra*) say that the Municipal Court did not have jurisdiction of the subject matter but instead claims that this court said that the procedural requirements in that case had not been met.

While appellee is correct in his statement that this court did not in specific language say "that the trial court did not have jurisdiction of the subject matter," it did say "that the filing of a separate civil action, as was done in this cause, is not permissible and a judgment rendered thereon is void and of no effect whatsoever since the procedure now is one continuing in the criminal case itself." (*Pattin case, supra*.)

It is our view that the construction placed upon the language of the court by the appellee, as argued in his brief, is entirely too restricted. What the court said, in substance though not in explicit language, was that in a civil action instituted as was done therein when no legal authority existed therefor, the trial court exceeded its powers and authority to entertain such action, and it follows therefore that the court did not have jurisdiction to exercise the power or authority that it had exercised, because the basis for any court's power or authority to act can only arise from the jurisdiction of the subject matter.

We, of course, recognize that the Municipal Court of Cleveland has jurisdiction to declare the forfeiture of bail bonds or recognizances and to reduce such forfeited bonds to judgment. But, by statute, that jurisdiction is vested in the judge who is a member of the court sitting in the criminal division thereof. It is elementary that the jurisdiction of the Municipal Court is by statute divided into two classes, namely, jurisdiction in criminal branch and civil branch. It should be clear that a judge of that court sitting in the criminal branch of the court may not, as such, in the disposition of criminal cases resort to proceedings relating to civil actions, or vice versa.

The decision in the *Pattin case* must be considered in the light of the decisions of the reviewing courts. In this connection, we refer to 31 Ohio Jurisprudence (2d), 512, Judgments, Section 22, wherein it is said:

"Although the court may possess jurisdiction of a cause, of the subject matter, and of the parties, it may still be limited as to the type of proceedings or actions over which it has jurisdiction, and as to the extent and character of its judgments. A judgment may be null and void by reason of being beyond the power and authority of the court to render it. Thus, where a statute has prescribed the mode and particular limits in which jurisdiction to render a particular kind of judgment may be exercised, it must be confined to the limits thus prescribed, and cannot be exercised in any other manner, nor upon any other terms. Even where a court has jurisdiction over the parties and the subject matter, if it makes a decree which is not within the powers granted to it by the law of its organization, its decree is void. * * *"

Among the many cases cited in support of the foregoing

declarations and illustrative thereof reference will be made to but two cases.

In *State, ex rel. Sheets,* v. *Toledo Home Telephone Co.,* 72 Ohio St., 60, the telephone company instituted an action under statutory provisions which authorized and required the court to direct in what mode such telephone company could construct its lines. The court did so, but in addition the court proceeded to determine the rates to be charged the citizens of the municipality for the use of the telephones. It was said in the opinion that the action of the court in determining the rates to be charged was void for want of jurisdiction.

Another case supporting the proposition stated is the case of *Spoors* v. *Coen,* 44 Ohio St., 497, wherein the Probate Court pursuant to Section 6139, Revised Statutes, had the statutory authority, in an action to sell lands to pay debts of the estate, to sell lands of the deceased, which had been conveyed in an effort to defraud creditors. The court proceeded to set aside the conveyance. However, by the provisions of Section 6140, Revised Statutes, it was provided that where such land is included in the application to sell lands before a recovery of the possession thereof, the action shall be in the Court of Common Pleas; thus it was held that the Probate Court is not clothed with the jurisdiction it assumed to exercise.

See, also, *McCleary* v. *McLain,* 2 Ohio St., 368; *Scobey* v. *Gano,* 35 Ohio St., 550; *Thiessen* v. *Moore,* 105 Ohio St., 401; *Sullivan* v. *Hudson Nav. Co.,* 182 App. Div., 152, 169 N. Y. Supp., 645; *In the Matter of Doey* v. *Clarence P. Howland Co.,* 224 N. Y., 30, 120 N. E., 53.

Concerning void judgments, we again refer to 31 Ohio Jurisprudence (2d), 706, Judgments, Section 250, wherein it is said:

"A void judgment is a mere nullity which is not respected as the act of a court. It is the same as if there were no judgment and can be disregarded entirely in any other court. The judgment has no legal or binding force or efficacy and is no protection to those who seek to enforce it. Such a judgment cannot be ratified, cannot be cured by subsequent proceedings, and cannot be made valid by anything that the defendant might do or fail to do." (See cases cited.)

It is our conclusion, and we, therefore, hold, that the trial court was without jurisdiction to enter the judgments that it

did. Nothing that the parties did in these cases, by payment thereof in the *Young case,* or by consent thereto in the *Stead case,* can add vitality to an act of the court, dead from its inception because of lack of jurisdiction to enter such judgments. Courts derive their jurisdiction of the subject matter from the law of their organization. Parties cannot vest a court with jurisdiction of the subject matter by acts of their own, whether by a voluntary payment of a judgment so rendered or by consent to its rendition.

We, therefore, conclude and hold that the court was in error in failing to grant the motion to vacate each of these judgments. In view of our holding, the judgments heretofore rendered are reversed and final judgment entered for the defendant in each of the cases. We further conclude that the decision of this court in these cases is clearly consistent with the holding in the *Pattin case, supra.*

*Judgments reversed.*

HURD, ACTING C. J., and SILBERT, J., concur.