**MARSH, Plaintiff-Appellee, v. MARSH, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4990.   Decided March 25, 1954.

Brownfield, Ford & Douglas, Lyman H. Brownfield, of Counsel, Columbus, for plaintiff-appellee.

Maugan & Vacca, Peter Vacca, of Counsel, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is an appeal from an order of the Juvenile Court denying defendant the right of visitation with his minor daughter. The parties, on April 14, 1951, had been divorced for the aggression of the defendant and he was given the right to visit his child, Leslie K. Marsh, at such reasonable times and places as the parties may agree upon. Thereafter, the parties did agree as to the times and places where the defendant should exercise his right of visitation with his child. This arrangement was observed for a time whereupon the plaintiff insisted upon a change, the reason for which was based largely upon the fact that the defendant insisted upon exercising his visitation rights with the child in the presence of her mother. Finally, by correspondence, carried on by plaintiff's counsel, the defendant was practically refused any right of visitation whatever. This refusal to permit visitation continued for many months whereupon the defendant filed his motion requesting the Court to fix definite times when he could see his daughter or have her with him and the conditions under which these rights could be exercised. This matter came on for hearing and at the conclusion thereof appellant's motion was denied in its entirety. Appeal was prosecuted to this Court.

Upon oral presentation of the appeal, it appeared to the members of the Court that upon the record as it stood, there was an entire failure of proof to support the order from which the appeal was taken. Counsel for appellee stated that the Court had interviewed the daughter, Leslie, by consent of the parties, and that after this interview, and probably because of it, the Court made the order. The journal entry recited that the action of the Court was based upon the statement of the daughter to the trial judge that she "did not wish to see her father again." Inasmuch as the record did not disclose that there was such an interview, or what occurred at that time, the Court suggested augmentation of the record. This suggestion was adopted and the record is now before us carrying in full the import of that interview.

We have read the record in its entirety. It is short. We can now say, without doubt, that the only relevant evidence upon which the order of the Court could be predicated is found in the transcript of the interview the judge had with the daughter of the parties. The full statement of what occurred is as follows:

"At this interview, the said minor child answered questions as to name, age, address, schooling; that she knew and under-

stood between right and wrong and the value of truthfulness; stated she had seen her father, the defendant, on occasions, but did not desire to see defendant again because she was afraid of him.

"With the best interests of the child a paramount consideration, I feel her wishes should be honored and defendant's motion denied."

In our judgment, this statement of the child is insufficient to support a denial to the father of his right of visitation with his daughter.

At the time the order was made, Leslie, the daughter, was twelve years of age. She had not reached the age when she had the right to make choice as to the parent with whom she desired to live. **Sec. 3109.4 R.C.** Though she could exercise that privilege, it would not deprive the Court of the right to make a visitation order. It then became a question for the determination of the judge whether or not the facts justified the denial to the father of the right of visitation.

The mere statement of a young child that she was afraid of her father and that she desired not to live with him, standing alone, is entirely insufficient to justify a complete refusal to permit the father to visit her. The record does not afford any proof which would permit the trial judge to hold that the daughter had any sound reason to fear her father. Nor does the record disclose that the father was an unfit person to visit his daughter, or, indeed, to have her with him. Counsel for plaintiff, by way of preliminary statement and at considerable length, recited the history of this case and in this statement imputed immoral conduct to the defendant prior to the divorce hearing, toward a daughter of the plaintiff by a former marriage. Manifestly, this professional statement had no probative value to establish the charge against the defendant. Although the plaintiff was in court and testified briefly, not one question was asked of her touching any immoral acts on the part of her former husband. The judge who heard the motion for modification of the visitation order was not the judge who tried the divorce case nor the one who heard a former motion to modify the visitation order. So that the only information which could suggest the unfitness of the father to be entrusted with the company of his daughter was that which came by way of professional statements which the Court had no right to consider in passing on the motion.

Counsel for the plaintiff asked of defendant a direct question, the answer to which would have admitted or denied the immoral conduct which had been imputed to him. There

was an objection. The Court overruled the objection but for some reason the question was not pressed and no answer was given.

Counsel for appellant urges that any misconduct of the defendant that may have appeared at the time the divorce was heard, the decree granted and the visitation order made, could not be shown on the motion to modify and cited in support of the contention the case of **White v. White, 77 Oh Ap 447,** an opinion by Judge Miller of this Court. This case merely reiterates the proposition that in a motion to modify a former order in a divorce, alimony, or custodial proceeding, the question presented is whether or not there has been any substantial change in the condition of the parties succeeding the former order and unless there has been such change, it may not be modified. Pfau v. Pfau, 8 O. C. C. 87; Graviess v. Graviess, 7 O. C. C. (N. S.) 135. This rule, however, does not bar testimony as to conditions obtaining when the former order was made if they become relevant by reason of subsequent developments on the matter immediately before the court. So, here, if the defendant was chargeable with moral delinquency, occurring prior to the divorce proceedings, which reflected propensities of the defendant to engage in misconduct which might continue and endanger the safety or well being of his daughter, proof of such fact would be competent.

There is this difference between the ordinary motion to modify a former order which is definite and fixed in its terms and the one here under consideration. Here, the Court did not attempt in the original order to definitely designate times or places where the defendant could visit his child or have her with him. It was all subject to mutual agreement between the parties. This mutual agreement eventually failed. The order placed within the power of the plaintiff the right to insist that the defendant see his daughter only in the presence of other persons, had this been necessary, in the plaintiff's opinion, to the welfare of the daughter. Strangely enough, the letters from counsel of the plaintiff to the defendant did not suggest any unfitness on the part of the father to have his daughter with him or that she feared or had reasons to fear him. On the contrary, the objection to the exercise of defendant's visitation rights was predicated upon his intrusion into the association of the plaintiff. To all intents and purposes the Court on this application for modification of the visitation order, was determining, as upon original application, the ultimate question of the right of the defendant to visit his daughter and to fix conditions under which the right should be exercised.

There are implications in this case which, if this Court would be permitted to indulge, would move us to affirm the order. We may not act upon them because they do not arise from any probative evidence in the case and we may not disregard the obligation of proof which devolved upon the plaintiff. When it appeared that the defendant. the father of the minor child, had been denied all rights of visitation merely because the plaintiff did not want to tolerate his presence, without more it did not afford any valid reason for the denial of his motion. If there was anything which rendered him unfit to have his daughter with him, it should have been forthcoming in the testimony. There was a presumption of his fitness until it was overcome.

Appellant insists that we should make an order according him the right of visitation. This we may not do because the situation developed indicates that the trial judge acted without a full conception of his authority, or, inadvertently accepted the professional statements as proof, or, without an appreciation that he could not legally deny a father the right of visitation with his daughter upon her statement that she was afraid of him and did not want to see him unless she gave substantial reasons supporting that conclusion. It is his right to act in the light of this opinion.

The order will be reversed and the cause remanded for rehearing.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.