HARPER, APPELLEE, *v.* HARPER, APPELLANT.

(No. 541—Decided October 19, 1954.)

*Messrs. Wead & Aultman,* for appellee.
*Messrs. Scharrer, Scharrer & Hanaghan,* for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Common Pleas Court of Greene County, overruling defendant's motion for a

modification of a former order awarding custody of three minor children of the parties to the plaintiff.

Under date of May 9, 1953, the plaintiff was granted a decree of divorce on the grounds of gross neglect of duty and extreme cruelty. The cross-petition of the defendant was dismissed for failure of proof. The custody of the three boys, who are now six, five and four years of age, respectively, was awarded to the father, with weekly visitation rights being awarded the mother.

On December 29, 1953, the mother moved for a modification of the order of custody, requesting that custody be awarded to her, and, also, moved for an order providing for support of the children.

The record taken at the hearing for divorce is not before this court. From all that appears in the record presented, there is no evidence that the father was unsuitable at the time of the decree or that he is now unsuitable. The court in awarding custody to the father decreed that the children should live with the father in the home of the paternal grandparents. It appears that the children have received proper care and attention on the part of the father and grandparents.

The mother grounds her motion for modification on the fact that there has been a change of conditions in that she now has a home in which she and the children may live. The evidence shows that a short time prior to the hearing the maternal grandparents purchased a seven-room residence in the city of Dayton, which they reconditioned and which was unoccupied on the date of the hearing. The maternal grandmother testified that if the custody of the children was given to the mother, she would furnish the home for occupancy by the mother and children, and that she would furnish financial support, if needed, amounting to $60 per

week. The evidence fails to show a binding obligation on the part of the grandparents. If the promises were put into immediate execution, the mother and children would continue to live on the beneficence of the grandparents, which could be withdrawn at any time. Also the evidence shows that a few days before the hearing a "for sale" sign was placed on the property. These circumstances, and the fact that the claimed changed conditions were prospective in character, were factors to be considered by the trial judge in determining whether the evidence showed sufficient change of conditions to warrant a modification. There was no serious effort made to show a change of conditions with respect to the father and the care given the children by him. On this point, the evidence indicated that the living conditions of the father and the children had improved.

The defendant in conceding that under the provisions of Sections 3109.03 and 3109.04, Revised Code (formerly Sections 8005-3 and 8005-4, General Code), the rights of father and mother as to custody of the minor children are equal, contends that the former order should be modified by awarding custody to the mother because of the tender years of the children. However, under Section 3109.04, Revised Code, the court in awarding custody of children, is required to take "into account that which would be for their best interest." In the divorce decree the court found: "That it would be to the best interest of the children of said parties that the control and custody of said children be awarded to the plaintiff exclusively." The defendant, on the issue made, carries the burden of proof to show such a change of conditions as would warrant a modification of the former order.

While we recognize that strong ties of love and affection exist between a mother and her children, we are conscious, too, of similar ties between a father and

his sons, which grow with the years. It is not for the best interest of the children to have them transferred from one parent to another several times during a short period of a few years. These boys will very shortly need the father's care, discipline and companionship. It was within the province of the trial court to consider these factors in determining what would be for the best interest of the three boys.

In according the trial court the right to weigh the evidence we cannot say on the basis of the evidence that the judgment was contrary to the evidence or contrary to law. Certainly the evidence does not show changed conditions, which, as a matter of law, would require modification. On the issue presented and the evidence introduced, the trial court was required to exercise a broad discretion, and this court cannot order a reversal in the absence of a finding that there has been an abuse of discretion, which we fail to find.

The trial court has allowed visitation rights to the mother by permitting her to take the children each Sunday from 8 a. m. to 6 p. m. This does not mean that the mother in the future will always be so limited in her visitation rights. A showing may be made which may cause the trial court, in the exercise of a sound discretion, to relax the terms of the order with respect to visitation.

If the mother has a suitable home, it would seem only just to modify the custodial order to permit her to have these young children with her for more protracted periods of time than now provided, possibly through school vacations.

We observe that the notice of appeal is on questions of law and fact. In this proceeding, an appeal could only be taken on questions of law and counsel have proceeded on that basis. The court *sua sponte* dismisses the appeal on questions of law and fact and orders the case retained as an appeal on questions of law.

Since we find no error in the record prejudicial to the rights of appellant, the judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.