HEBDEN, APPELLANT, v. HEBDEN, APPELLEE.*

(No. 5627—Decided June 4, 1957.)

*Messrs. Saxbe, Boyd & Prine,* for appellant.
*Mr. Carlisle O. Dollings,* for appellee.

MILLER, J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas, Division of Domestic Relations, modifying a previous order which denied to the defendant any further right to visit his own children.

The record reveals that on January 22, 1955, a decree of divorce, alimony, custody of the three minor children, and money for their support was awarded to the plaintiff, appellant herein, Henrietta Jane Hebden.   It also granted to the defendant, Earl August Hebden, certain visitation rights.

The parties will be referred to as they appeared in the trial court.

On January 25, 1956, the previous order granting the defendant the right to visit his children was amended.   Further visitation rights were denied, and the defendant was enjoined

*Motion to certify the record overruled, November 6, 1957.

from molesting, telephoning or contacting the plaintiff or children. The amended order provided that it was to remain in full force and effect until further order of the court.

Some seven months later, to wit, on August 30, 1956, the defendant filed a motion to amend the last order, and the motion was assigned for hearing before the court referral officer, John E. Compson. In compliance with this order a lengthy hearing was had before the referee who, it appears, on November 6, 1956, reported his findings and recommendations to Judge Rose, judge of said court. Although a record of this finding was not made by the clerk, it is made a part of the transcript of docket and journal entries and carries said date below the signature of Judge Rose. No exceptions were taken to the report, and it was confirmed by judgment entry on November 27, 1956.

The first error assigned is that the trial court had no jurisdiction to enter a judgment without personally hearing the evidence. We are referred to the case of *State, ex rel. Kleinman,* v. *Cleveland,* 118 Ohio St., 536, 161 N. E., 918, which holds that in the hearing of a divorce case the court must hear and determine the cause and may not refer the same to a referee. This decision still appears to be the law of Ohio, but the divorce question, in our case, was disposed of when the decree was granted, and the only question presented by the motion relates to the custody of the children over whom the court held continuing jurisdiction. Our investigation of the cited case reveals that the judgment was granted under Section 11986 of the General Code, which the court quoted as follows at page 540 of the *Kleinman case* (118 Ohio St.):

" 'If the defendant fails to appear, or, having appeared, admits or denies in his answer the allegations in the petition, the court shall hear and determine the cause. On the hearing, if any of the causes for divorce charged in the petition be proved to the satisfaction of the court, it may pronounce the marriage contract dissolved and both of the parties released from its obligations.' "

In commenting on this section, Judge Allen says further, on the same page (540):

"Under the plain wording of this section, we are compelled

to agree with the plaintiff. After providing that the 'court shall hear and determine the cause,' the section later provides that the court 'may pronounce the marriage contract dissolved.' It is also worthy of note that the section makes the granting of the divorce dependent upon proof of the causes of divorce, *to the satisfaction of the court.*

"In this statute the Legislature invested the Court of Common Pleas with a wide measure of discretion when it stated that the court '*may* pronounce the marriage contract dissolved.' The proper exercise of this discretion would seem to require that the judge entering a divorce decree should have a personal view of and a personal interview with the witnesses. Then, when the Legislature emphatically states that 'the court shall hear * * * the cause,' and that the court 'may pronounce the marriage contract dissolved,' if the cause 'be proved to the satisfaction of the court,' it seems to us too evident to be open for discussion that the Legislature intended the judge personally to hear and determine divorce causes. We therefore conclude that a reference cannot be made in a divorce case under the Ohio statutes."

It will be noted that throughout the decision the court emphasized the fact that the court shall hear the cause, and that, if proved to the satisfaction of the court, the marriage contract may be dissolved. No reference is made in the cited section of the Code as to any procedural requirements in ancillary matters which may arise out of the divorce proceedings. In the absence of such we are of the opinion that references may be made as in other civil actions or proceedings. Section 2315.26 of the Revised Code provides that any of the issues in an action or proceeding may be referred to a referee upon the consent of the parties; and, under the provisions of Section 2315.27, Revised Code, when consent is not given the court on its own motion may "direct a reference in any case in which the parties are not entitled by the Constitution to a trial by jury." Since this is no longer a divorce proceeding but only a special one relating to the right of the defendant to visit his own children, we are of the opinion that the mandatory requirements of Section 3105.10, Revised Code, have no application.

We are also referred to the case of *Mahoney* v. *Mahoney,* 9

Ohio Law Abs., 434, but which appears to differ on the facts, as in the *Mahoney case* only an investigation was made by the Domestic Relations Bureau. Its report was not based upon evidence received in open court as in the case at bar where witnesses appeared and testified under court rules. The parties were represented by counsel, and a transcript of these proceedings was made and filed with the court for its consideration in its review of the referee's findings. The matter of reference has long been recognized in the Court of Common Pleas, Division of Domestic Relations, and the same is covered by Rule XIIc of that court, to wit:

"All motions as listed above shall upon the date assigned for hearing be presented orally, or if agreed to by counsel, submitted upon affidavits to a referral officer of the Domestic Relations Court assigned for the purpose of ascertaining the facts and submitting to the court conclusions and recommendations. If either party objects to a hearing before said referral officer then said motion may be submitted to the Judge of said court upon affidavit and memorandum, same not to be heard orally by the judge of said court unless by special assignment."

This rule appears to have been adopted in the public interest as domestic court matters are of such a character as to require a prompt and speedy determination. This is assured when references are permissible.

The next error assigned is that the court erred in overruling defendant's motion to dismiss the proceeding at the close of the evidence offered by the defendant in support of the motion. It is urged that the evidence produced did not show a change of conditions since the prior order was made and, hence, there was no basis for making such a change. *Marsh* v. *Marsh,* 69 Ohio Law Abs., 539, 126 N. E. (2d), 468; *Harper* v. *Harper*, 98 Ohio App., 359, 129 N. E. (2d), 471; and *Dailey* v. *Dailey,* 146 Ohio St., 93, 64 N. E. (2d), 246. We recognize the legal principles pronounced in these cases. However, the testimony produced by the defendant tended to establish that the order denying visitation rights was intended to be only temporary as a punishment for an altercation with his former wife on one of his prior visits. He testified that he had agreed to the judgment entry in order to prove that he was a person "of fit

nature to be around my children due to an incident that came up in January." Again, as shown by the record, he testified that he agreed to giving up seeing his children until further order of court as a part of the punishment for something he had done. This testimony when construed in its most favorable light in behalf of the defendant, as we are required to do, is sufficient to warrant the court in proceeding further with the case. Hence, the motion was properly overruled.

We find no error in the record, and the judgment is, therefore, affirmed.

*Judgment affirmed.*

PETREE, P. J., and BRYANT, J., concur.