HEBDEN, APPELLANT, *v.* HEBDEN, APPELLEE.

(No. 5783—Decided September 26, 1957.)

*Messrs. Gross & King,* for appellant.
*Mr. Carlisle O. Dollings,* for appellee.

BRYANT, J. Herein, we shall refer to Henrietta Jane Hebden, appellant, as plaintiff, and Earl August Hebden, appellee, as defendant, as they appeared in the Court of Common Pleas, Division of Domestic Relations.

Plaintiff has appealed to this court from an order of the court below suspending support payments by defendant upon the condition that ''if plaintiff's appeal is sustained by the Supreme Court the payments suspended shall be made up. If the position of the plaintiff be not sustained in the Supreme Court then the suspension is to stand.''

In the foregoing, reference no doubt is made to a previous appeal to this court in our case No. 5627, in which the same persons were parties, as here. In the earlier appeal, plaintiff complained of a court order allowing defendant to resume visitation of his children. The action of the lower court was found free from error and affirmed by all three members of this court. This decision has been appealed to the Supreme Court.*

The matter now before us for decision is a motion by plaintiff for an order requiring defendant to pay the sum of $40 per week as child support and for expense money to prosecute this

---

*For report of such previous appeal, see 105 Ohio App., 461. A motion to certify the record in that case was overruled, November 6, 1957.

action. In support of this motion, there is filed the affidavit of plaintiff that there are three minor children, that plaintiff is without income and that the need is pressing.

The record does not disclose any notice to the adverse party, as required by Section 3105.14, Revised Code. Indeed, the notice of appeal, by date, refers to the decision of the court below rather than to the journal entry of the lower court. However, defendant does not complain of either of the foregoing. Nor does he appear to dispute the facts alleged by plaintiff.

Defendant may not have seen the affidavit of plaintiff, for proof of service of it also is lacking in the record.

Defendant did file a memorandum contra to plaintiff's motion for child support and expense money. He challenges the power of this court, upon an appeal on questions of law, to grant child support or expense money only.

The objection is not well taken. The appellate jurisdiction of this court, as distinguished from its original jurisdiction, is now statutory. In Section 2501.02, Revised Code, paragraph two, will be found authority to review final orders of courts of record inferior to the Court of Appeals.

In the paragraphs of Section 2501.02, Revised Code, starting with the third and continuing until the end of the section, will be found a statement of cases in which appeal on questions of law and fact is permitted. Divorce actions are not included. The statute then states that in all other cases, an appeal on questions of law only is permitted.

Section 3105.14, Revised Code, gives express authority to the Court of Comman Pleas, upon notice, for good cause shown, and when supported by satisfactory proof, to grant alimony, expense money and orders for the custody and support of minor children. The final sentence of this section is pertinent here and provides:

"When an appeal is taken by either party, the Court of Appeals, or a judge thereof in vacation, may grant like alimony, custody, and support during the pendency of the appeal, upon like notice."

It is our conclusion that divorce cases and matters incidental thereto can not be appealed on questions of law and fact, but can be appealed only on questions of law. We conclude further

that, in an appeal on questions of law properly before this court, this court may, upon the proper showing, grant the relief provided for in Section 3105.14, Revised Code.

It would appear that the court below felt that plaintiff should be given some punishment for not complying with its order re-establishing the visitation rights of defendant. It found it had no power to punish for contempt because of the appeal and it seems to have cut off child support payments as a form of punishment to the mother, but not to apply if she won her appeal.

On the merits of this and other questions, we express no opinion at this time. Plaintiff has made a showing which would support the order prayed for while defendant has offered no evidence to the contrary.

On this state of the record, the motion of plaintiff for an order requiring defendant to pay during the appeal $40 a week for support of his three minor children should be sustained and plaintiff should be allowed expense money in the amount of $100.

As it is not possible to measure in advance the amount of legal service which may be needed, the granting of this amount will not prejudice the filing of another application, should it be proper.

*Motion sustained.*

PETREE, P. J., and MILLER, J., concur.

(No. 5783—Decided January 9, 1958.)

ON REHEARING.

BRYANT, J. This matter is again up for consideration upon a motion for rehearing and reconsideration. In the court below, Henrietta Jane Hebden, appellant, was plaintiff, and Earl August Hebden, appellee, was defendant. They will be referred to as in the court below.

On September 26, 1957, this court announced a decision sustaining the motion of plaintiff for an order requiring the defendant temporarily to pay $40 per week for child support and re-

quiring defendant also to pay $100 as expense allowance for attorney fees. The appeal, once dismissed, has since been reinstated.

In the court below, plaintiff was awarded a divorce and the custody of the three minor children and defendant was ordered to pay $40 per week child support. Visitation rights, originally denied defendant, were restored later by the court below. Plaintiff's appeal from said restoration recently was rejected by the Supreme Court. Defendant, meanwhile, obtained an order from the court below cutting off all support payments for the three children. There appears to have been no evidence taken or change of circumstances other than a desire to punish plaintiff for having appealed. The payments were to be made up if plaintiff won her appeal.

When the support payments were ordered discontinued by the court below, plaintiff appealed to this court, and the decision by this court on September 26, 1957, referred to above, sustained her motion for support payments *pendente lite* and, in effect, during the pendency of the appeal, reinstated the order previously made by the divorce court.

Counsel for defendant cites the case of *Carmiaux* v. *Carmiaux*, 74 Ohio Law Abs., 234, 140 N. E. (2d), 69, decided June 13, 1955, and *Beach* v. *Beach, Jr.*, 99 Ohio App., 428, 134 N. E. (2d), 162, decided March 24, 1955, and asks the question as to how the law has been changed since the cited cases were announced in the spring of 1955. The answer, of course, is that many changes have been made in the law since the time the causes of action arose which were the subject of those decisions.

It must be remembered that Section 6, Article IV of the Ohio Constitution, deals with the jurisdiction of the Courts of Appeals, and, as it read between 1912 and 1944, was the sole source of the jurisdiction of this court. In other words, during that period the Constitution, not the General Assembly, delineated the extent and scope of the powers of this court.

In the case of *Cincinnati Polyclinic* v. *Balch*, 92 Ohio St., 415, 111 N. E., 159, decided July 2, 1915, the first paragraph of the syllabus is as follows:

"1. Section 6, Article IV of the Constitution of Ohio as amended September 3, 1912, confers jurisdiction upon the

Courts of Appeals to review, affirm, modify or reverse the judgments of the Court of Common Pleas, Superior Courts, and other courts of record within the district. The General Assembly has no power to enlarge or limit the jurisdiction conferred by the Constitution of the state, but may provide by law for the method of exercising that jurisdiction.''

In the case of *Hoffman* v. *Knollman,* 135 Ohio St., 170, 20 N. E. (2d), 221, decided March 22, 1939, the third paragraph of the syllabus is as follows:

''3. The jurisdiction of the Court of Appeals is conferred by Section 6, Article IV of the Constitution, and cannot be enlarged or curtailed by legislative action.''

As has been noted here, those cases were decided prior to the amendment of Section 6, Article IV of the Constitution, effective January 1, 1945.

In comparing the language used in the earlier (1912) form of Section 6, Article IV, we need refer only to a single sentence (the ninth sentence) of said section. In the 1912 form, this sentence read as follows:

''The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, *and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify or reverse the judgments of the Courts of Common Pleas, Superior Courts and other courts of record within the district as may be provided by law,* and judgments of the Courts of Appeals shall be final in all cases, except cases involving questions arising under the Constitution of the United States or of this state, cases of felony, cases of which it has original jurisdiction, and cases of public or great general interest in which the supreme court may direct any Court of Appeals to certify its record to that court.'' (Emphasis added.)

In the amended form of Section 6 of Article IV, effective January 1, 1945, a vast and important change was made. The General Assembly was given broad new powers. We quote from the second paragraph of the section, as amended in 1945, which deals with the same subject matter as above quoted, and also from the final sentence which is as follows:

''The Courts of Appeals shall have original jurisdiction in

quo warranto, mandamus, habeas corpus, prohibition and procedendo, *and such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of boards, commissions, officers, or tribunals, and of courts of record inferior to the Court of Appeals within the district,* and judgments of the Courts of Appeals shall be final in all cases, except cases involving questions arising under the Constitution of the United States or of this state, cases of felony, cases of which it has original jurisdiction, and cases of public or great general interest in which the Supreme Court may direct any Court of Appeals to certify its record to that court. * * * *All laws now in force, not inconsistent herewith, shall continue in force until amended or repealed*; provided, that all cases, actions, or proceedings pending before or in any board, commission, officer, tribunal, or court on the first day of January, 1945, shall be heard, tried, and reviewed in the same manner and by the same procedure as is now authorized by law.'' (Emphasis added.)

Thus, it will be seen that the new form of this constitutional provision made several important changes. For example, it empowered, but did not require the General Assembly to change the appellate jurisdiction of the Courts of Appeals, and provided further that until the General Assembly acted the appellate jurisdiction of the Courts of Appeals should remain the same as it was prior to the 1945 amendment.

In the case of *Youngstown Municipal Ry. Co.* v. *City of Youngstown,* 147 Ohio St., 221, 70 N. E. (2d), 649, decided December 18, 1946, the syllabus is as follows:

''1. Section 6 of Article IV of the Constitution of Ohio, as amended November 7, 1944, empowers but does not require the General Assembly to change the appellate jurisdiction of the Courts of Appeals.

''2. Unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted.''

In the course of the opinion the court said:

''The expressed intention is to accomplish the simple result of empowering the General Assembly to change the appellate jurisdiction of the Courts of Appeals if it should desire so to do;

and unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted.''

See, also, *Meyer* v. *Meyer,* 153 Ohio St., 408, at page 414, 91 N. E. (2d), 892, decided April 19, 1950, to the same effect.

It was soon decided that a statute which conflicted with the Constitution prior to the 1945 amendment was not automatically revived by said amendment, and only action by the General Assembly in the future, that is, after January 1, 1945, would be considered as changing the jurisdiction of the Courts of Appeals. See *Jelm* v. *Jelm,* 155 Ohio St., 226, 236, 98 N. E. (2d), 401, 22 A. L. R. (2d), 1300, decided in 1951, citing 50 American Jurisprudence, 546, Section 540.

The Supreme Court reaffirmed its position that no change in the jurisdiction of the Courts of Appeals would result until legislative action was taken, and, as late as 1954, observed that no such change had been brought to its attention. See paragraph two of the syllabus of *State* v. *Edwards,* 157 Ohio St., 175, 105 N. E. (2d), 259, decided in 1952, and *Connelly, Trustee,* v. *Balkwill,* 160 Ohio St., 430, at page 437, 116 N. E. (2d), 701, decided in 1954.

As above noted, the two cases cited by counsel for defendant were decided in the Spring of 1955. Obviously, the important date with respect to a change in the law is not when the decision is announced in an appellate court, but the date either when the cause of action arose or the proceeding was begun. We have not been furnished with either.

It was on October 4, 1955, that the amended form of Section 2501.02, Revised Code, became effective. (See 126 Ohio Laws, 56.) The amended section provides that, in addition to the original jurisdiction spelled out in the Constitution, the several Courts of Appeals shall have jurisdiction over appeals both on questions of law and on questions of law and fact. Ten types of cases are described specifically wherein what amounts to a trial *de novo* may be had. Cases not falling within the ten classes so enumerated are classed as appealable on questions of law only and the section concludes:

''The court, on good cause shown, may issue writ of supersedeas in any case, and all other writs, not specially provided

for or prohibited by statute, necessary to enforce the administration of justice.''

Also of direct importance here are the provisions of Section 3105.14, Revised Code, which, in its present form, concludes as follows:

''When an appeal is taken by either party, the Court of Appeals, or a judge thereof in vacation, may grant like alimony, custody, and support during the pendency of the appeal, upon like notice.''

The present form of this statute was enacted in 126 Ohio Laws, at page 610, effective October 5, 1955, at which time the word, ''custody,'' was inserted in this very sentence, showing that it was not merely a re-enactment of language already in the law, but received careful consideration by the General Assembly. This section previously was amended in 124 Ohio Laws, 178, 186, and in the recodification of the Code, effective October 1, 1953.

In the case of *Westerhaus Co., Inc.*, v. *City of Cincinnati*, 165 Ohio St., 327, 135 N. E. (2d), 318, decided June 6, 1956, the court, at page 333, takes notice of the fact that the General Assembly has acted. (See final fifteen lines of note on page 333.)

The effect of this will be seen in the article on Divorce and Separation, 18 Ohio Jurisprudence (2d), 10, Section 92, where it is said:

''It is provided by statute that when an appeal is taken by either party to the Court of Appeals, the Court of Appeals, or a judge thereof in vacation, may grant like alimony, custody, and support during the pendency of the appeal, upon like notice.''

For the reasons above set forth, the motion for a rehearing of the previous decision of this court should be and the same is hereby overruled and the judgment is adhered to.

*Judgment adhered to.*

PETREE, P. J., and MILLER, J., concur.