312

**HEBDEN, Plaintiff-Appellant, v. HEBDEN, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5783.   Decided January 9, 1958.

Gross & King, Columbus, for plaintiff-appellant.
Carlisle O. Dollings, Columbus, for defendant-appellee.

**OPINION**

By BRYANT, J.

This matter is again up for consideration upon a motion for rehearing and reconsideration.  In the court below, Henrietta Jane Hebden, plaintiff-appellant, was plaintiff and Earl August Hebden, defendant-appellee, was defendant.  They will be referred to as in the court below.

On September 26, 1957 this court announced a decision sustaining the motion of Mrs. Hebden for an order requiring the defendant temporarily to pay Forty Dollars per week for child support and requiring defendant also to pay One Hundred Dollars as expense allowance for attorney fees.  The appeal, once dismissed, has since been reinstated.

In the court below, Mrs. Hebden was awarded a divorce and the custody of the three minor children and Mr. Hebden had been ordered to pay Forty Dollars per week child support.  Visitation rights, originally denied Mr. Hebden, later were restored by the court below.  Mrs. Hebden's appeal from said restoration recently was rejected by the Ohio Supreme Court.  Mr. Hebden, meanwhile, obtained an order from the court below cutting off all support payments for the three children.  There appears to have been no evidence taken or change of circumstances other than a desire to punish Mrs. Hebden for having appealed.  The payments were to be made up if Mrs. Hebden won her appeal.

When the support payments were ordered discontinued by the court below, Mrs. Hebden appealed to this court and the decision by this court of September 26, 1957, above referred to, sustained her motion for support payments pendente lite and in effect, during the pendency of the appeal, reinstated the order previously made by the Divorce Court.

Counsel for Mr. Hebden cites the case of **Carmiaux v. Carmiaux, 74 Abs 234** decided June 13, 1955 and **Beach v. Beach, Jr., 99 Oh Ap 428,**

decided March 24, 1955 and asks the question as to how the law has been changed since that date. The answer, of course, is that many changes have been made in the law since the occurrences took place mentioned in those decisions.

It must be remembered that the **Ohio Constitution, Article IV, Section 6,** deals with jurisdiction of the court of appeals and as it read between 1912 and 1944 was the sole source of the jurisdiction of this court. In other words, during that period, the Constitution, not the General Assembly delineated the extent and scope of the powers of this court.

In the case of **Cincinnati Polyclinic v. Balch, 92 Oh St 415,** decided July 2, 1915, the first branch of the syllabus is as follows:

"1. **Section 6, Article IV, Ohio Constitution,** as amended September 3, 1912, confers jurisdiction upon the courts of appeals to review, affirm, modify or reverse the judgments of the court of common pleas, superior courts, and other courts of record within the district. The general assembly has no power to enlarge or limit the jurisdiction conferred by the constitution of the state, but may provide by law for the method of exercising that jurisdiction."

In the case of **Hoffman v. Knollman, 135 Oh St 170,** decided March 22, 1939, the third branch of the syllabus is as follows:

"3. The jurisdiction of the Court of Appeals is conferred by **Section 6, Article IV, Ohio Constitution,** and cannot be enlarged or curtailed by legislative action."

As has been noted here, they were decided prior to the amendment of **Article IV, Section 6, Ohio Constitution,** effective January 1, 1945.

In comparing the language used in the earlier (1912) form of **Article IV, Section 6,** supra, we need refer only to a single sentence (the 9th sentence) of said section. In the 1912 form, this sentence read as follows:

"The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, **and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law,** and judgments of the courts of appeals shall be final in all cases, except cases involving questions arising under the constitution of the United States or of this state, cases of felony, cases of which it has original jurisdiction, and cases of public or great general interest in which the supreme court may direct any court of appeals to certify its record to that court." (Emphasis added.)

In the amended form of said **Article IV, Section 6, Ohio Constitution,** effective January 1, 1945, a vast and important change was made. The General Assembly was given broad new powers. We quote from the seventh sentence of the said section as amended in 1945, which deals with the same subject matter as just above quoted and also from the final sentence which is as follows:

"The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, **and such**

jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of boards, commissions, officers, or tribunals, and of courts of record inferior to the court of appeals within the district, and judgments of the courts of appeals shall be final in all cases, except cases involving questions arising under the constitution of the United States or of this state, cases of felony, cases of which it has original jurisdiction, and cases of public or great general interest in which the supreme court may direct any court of appeals to certify its record to that court. * * * **All laws now in force, not inconsistent herewith, shall continue in force until amended or repealed;** provided, that all cases, actions, or proceedings pending before or in any board, commission, officer, tribunal, or court on the first day of January, 1945, shall be heard, tried, and reviewed in the same manner and by the same procedure as is now authorized by law." (Emphasis added.)

Thus it will be seen that the new form of this constitutional provision made several important changes. For example, it empowered but did not require the General Assembly to change the appellate jurisdiction of the court of appeals and further, until the Legislature acted, the appellate jurisdiction of the court of appeals remained the same as it had been prior to the 1945 amendment.

In the case of the **Youngstown Municipal Railway Co. v. City of Youngstown, 147 Oh St 221**, decided December 18, 1946, the two branches of the syllabus are as follows:

"1. Section 6, Article IV, Ohio Constitution, as amended November 7, 1944, empowers but does not require the General Assembly to change the appellate jurisdiction of the Courts of Appeals.

"2. Unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted."

In the course of the opinion the court said:

"The expressed intention is to accomplish the simple result of empowering the General Assembly to change the appellate jurisdiction of the Courts of Appeals if it should desire so to do; and unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted."

See also **Meyer v. Meyer, 153 Oh St 408 at page 414,** decided April 19, 1950, to the same effect.

It was soon decided that a statute which conflicted with the Constitution prior to the 1945 amendment was not automatically revived by said amendment and only action by the Legislature in the future, that is after January 1, 1945 would be considered as changing the jurisdiction of the court of appeals. See **Jelm v. Jelm, 155 Oh St 236** decided in 1951, citing 50 Am. Jur., page 546.

The Supreme Court reaffirmed its position that no change would result in the jurisdiction of the court of appeals until legislative action was taken and as late as 1954 observed that no such change had been brought to its attention. See **State v. Edwards, 157 Oh St 175, syllabus 2,**

decided in 1952 and **Connelly v. Balkwill, 160 Oh St 430 at page 437,** decided in 1954.

As above noted the two cases cited by counsel for defendant were decided in the Spring of 1955. Obviously, the important date with respect to a change in the law is not when the decision is announced in an appellate court, but the date either when the cause of action arose or the proceeding was begun. We have not been furnished with either.

It was on October 4, 1955 that the amended form of §2501.02 R. C., became effective. (See **126 Ohio Laws, page 56.**) The amended section provided that in addition to the original jurisdiction spelled out in the Constitution the several courts of appeals shall have jurisdiction over appeals both on questions of 'law and questions of law and fact. Ten types of cases are described specifically wherein what amounts to a trial de novo may be had. Cases not falling within the ten classes so enumerated are classed as appeals on questions of law only and the section concludes:

"The court, on good cause shown, may issue writ of supersedeas in any case, and all other writs, not specially provided for or prohibited by statute, necessary to enforce the administration of justice."

Also of direct importance here are the provisions of §3105.14 R. C., which in its present form concludes as follows:

"When an appeal is taken by either party, the court of appeals, or a judge thereof in vacation, may grant like alimony, custody, and support during the pendency of the appeal, upon like notice."

The present form of this statute was enatced in **126 Ohio Laws** at **page 610** effective October 5, 1955 at which time the word, "custody," was inserted in this very sentence showing that it was not merely a re-enactment of language already in the law, but received careful consideration by the Legislature. This section previously was amended in **124 Ohio Laws 178 (186),** effective October 1, 1953.

In the case of **Westerhaus Co., Inc. v. City of Cincinnati, 165 Oh St 327,** decided June 6, 1956, the court at **page 333** of the opinion takes notice of the fact that the Legislature has acted. (See final fourteen lines of note on **page 333.**)

The effect of this will be seen in the article on **Divorce and Separation, 18 O. Jur. 2d, page 10, Section 92,** where it is said:

"It is provided by statute that when an appeal is taken by either party to the Court of Appeals, the Court of Appeals, or a judge thereof in vacation, may grant like alimony, custody, and support during the pendency of the appeal, upon like notice."

For the reasons above set forth the motion for a rehearing of the previous decision of this court should be and the same is hereby overruled.

PETREE, PJ, MILLER, J, concur.