SAMONS, APPELLANT, v. BROTHERHOOD OF RAILROAD TRAINMEN INS. DEPT., INC., APPELLEE.

(No. 6864—Decided November 8, 1961.)

*Mr. A. Millard Armstrong*, for appellant.
*Messrs. Dombey, Tyler, Richards & Grieser*, for appellee.

*Per Curiam.* In this case, James B. Samons, plaintiff, appellant herein, filed an appeal on questions of law and fact from a judgment and final order in favor of Brotherhood of Railroad Trainmen Insurance Department, Inc., defendant, appellee herein.

Both causes of action set forth in the amended petition related to the breach of conditions of a health and accident policy issued by defendant in favor of plaintiff. The prayer of the petition is for a judgment for $1,880, and at the time of trial a jury was waived and the cause was tried to the court.

The sole question before this court at this time arises upon the motion of defendant to dismiss the appeal on ques-

tions of law and fact upon the grounds (1) that this court lacks jurisdiction to entertain an appeal on questions of law and fact in this case and (2) that plaintiff has failed to file an appeal bond. Defendant relies upon the provisions of Section 6 of Article IV of the Constitution of Ohio, Section 2501.02 of the Revised Code (126 Ohio Laws, 56) enumerating the ten classes of cases in which there may be an appeal on questions of law and fact, and the decision of this court in the case of *Hebden* v. *Hebden*, 107 Ohio App., 184. With reference to the alleged failure to file an appeal bond, defendant relies upon the provisions of Section 2505.06 of the Revised Code.

In the answer brief of plaintiff, it is admitted that an appeal on questions of law and fact is not proper, but plaintiff asks that "the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law." (See Section 2505.23 of the Revised Code.)

It seems clear that as the petition seeks a money judgment only and constituted an action in which the parties were entitled to, but waived, a jury trial, it was not a proper case for an appeal on questions of law and fact. On the other hand, under the provisions of Section 2505.23, *supra*, the court is not permitted to dismiss the action, but must retain it for hearing on questions of law only. Accordingly, the motion to dismiss the appeal on questions of law and fact will be sustained, but the appeal will be retained as an appeal on questions of law only.

The court fixes thirty days from the date of the announcement of this decision as the time within which to present and file a bill of exceptions in the trial court pursuant to Rule V, D, of the Rules of the Courts of Appeals, providing that, if such bill of exceptions has been filed, it shall be refiled as of the date of the entry reducing the appeal to one on questions of law. Assignment of errors and briefs shall thereafter be filed within the time prescribed by Rule VII, A (2).

*Judgment accordingly.*

DUFFEY, P. J., BRYANT and DUFFY, JJ., concur.